Leonard E. Ruisi, J.
This is an application for an order of support made by Rosamond Jones, custodian of Ilse Stautz, on behalf of Ilse Stautz, a child now 15 years of age, born May 16, 1941, against Alfred Stautz, her stepfather.
For the purpose of these proceedings it has been stipulated that the natural mother of Ilse, one Elfreda (Morano) Stautz, married the respondent, Alfred Stautz, on September 3, 1953, in a civil ceremony in Heidelberg, Germany. That at the time of the said marriage the respondent herein knew of the existence of the said child, and the said child thereafter lived with the respondent and his wife, Elfreda Stautz. On December 8, 1956, the said child, Ilse Stautz, was adjudicated as a neglected child, the said petition being against the respondent, Alfred Stautz, in the Children’s Court Division of the Domestic Relations Court of the City of New York. At that time the child was in the household of the respondent. Its mother, Elfreda Stautz, died on November 21, 1956.
The Court of Domestic Relations, Children’s Court Division, placed the said child, Ilse Stautz, in the custody of Rosamond J ones, and the said child is now living with the said Rosamond Jones. The natural father of the said child, Peter Beckenbach, was last known to be residing in the city of Heidelberg, Germany. He has not provided for the support of the said child. It is conceded the said child is without means and is liable to become a public charge.
This application is now brought against the stepfather for support.
The respondent moves to dismiss the petition on the ground that his liability for the support of the said child terminated with the death of its mother on November 21, 1956.
At common law a husband was under no obligation to support the children of his wife by a former marriage (Williams v. Hutchinson, 3 N. Y. 312), nor was he under a moral obligation to do so; there being no kinship nor blood relationship. From time to time statutes have been enacted transforming moral obligations so as to extend legal liability for support but these statutes have followed (1) lineal consanguinity and later collateral consanguinity. Such statutes are readily sustained even in retroactive effect, because of the basic element of kinship. A different view should obtain where a statute assumes to create a legal liability of support where no prior moral obligation exists.
*187 The Social Welfare Law, under subdivision 1 of section 101 provides: “ The husband, wife, father, mother, grandparent, or child of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person. Step-parents shall in like manner be responsible for the support of minor stepchildren ’ ’.
Subdivision 5 of section 101 of the Domestic Eelations Court Act reads: ‘ ‘ The step parent of a child is hereby declared legally chargeable with the support of a step child likely to become a public charge provided it is shown to the satisfaction of the court that such step parent had knowledge of the child’s existence at the time of said step parent’s marriage ”.
The stipulated facts in this case clearly show that the mother of the child was duly and legally married to the respondent herein; that the respondent knew of the existence of the child at the time he married the mother.
Sound reason dictates that the statute creating liability for such support should be construed to have a prospective effect, because such a legal obligation does not rest on any prior moral obligation. It may be deemed to be within legislative competence to create legal liabilities and burdens as a consequence of the marital relation even though they have no previous basic sanction. Where a marriage is celebrated subsequently to such enactments, the parties may be deemed to have entered into the marriage status with knowledge of these newly created obligations. (See Matter of Kane v. Necci, 245 App. Div. 1.)
The respondent relies on the case of Peake v. Peake (205 Mise. 393), wherein Mr. Justice Paneen decided that the statutory responsibility of a stepfather for support of a stepchild was terminated upon the final decree of divorce between the child’s mother and stepfather. It is significant to note that it was the intention of Mr. Justice Paneen to limit the exception to the liability of the stepfather to the case in point wherein a divorce decree had been obtained between the parties. I quote from page 395 wherein he states: “It would seem to me that a stepfather would be charged with the support of his stepchild if the marital relationship between the stepfather and the mother of the child was terminated by the demise of the mother. The law is otherwise where the relationship is terminated by a divorce decree and the mother is still alive ”.
The death of the mother was not a willful act. It was an act of God. The relationship of stepparent to stepchild once established is a valid and subsisting relationship that cannot be destroyed at the will of the respondent stepfather.
*188 In the within case, the stepfather continued to maintain and support the said child in fact and in truth but stresses the termination of his liability by virtue of the fact that he does not have custody of the child. The right to custody and the obligation to support have always been separate and distinct privileges and duties. One is not necessarily tied to the other.
I find the respondent liable for the support of the child, Use Stautz. I order the respondent to pay for the support of said child, the sum of $10 per week, beginning March 8, 1957.