Victor B. Wylegala, J.
This is a proceeding brought by the Department of Social Welfare to enforce support by the respondent of his minor stepdaughter, Mary Louise, who is receiving an aid-to-dependent-children grant from that department. The natural mother of the child in question died June 28, 1954. The stepfather continued to support Mary Louise as well as other minor stepchildren until an older brother took her from the home of the stepfather and refused to permit any contact between Mary Louise and her stepfather. The stepfather insists that he is willing to resume support on condition Mary Louise returns to his household, which she is not willing to do.
The objections to the insufficiency of the pleadings need not be passed upon, because it will be assumed that correction could be readily made by amendment or proceeding de novo.
The Children’s Court has jurisdiction in matters relating to support of stepchildren only under sections 30, 30-a (subd. 5) and 31 (subd. 5) of the Children’s Court Act. (People ex rel. Deming v. Williams, 161 Misc. 573.)
There are various provisions in other statutes relating to support of stepchildren, which need not be discussed here, except to recall that statutory provisions in derogation of common-law obligations must be strictly construed. There would be no question as to respondent’s obligation to support as long as his wife, the mother of the stepchild, lived.
The respondent seriously contends that death of the mother terminated his relationship and obligations to stepchildren. Unfortunately there is nothing in the statutes, and very little by way of decisions in the courts, to guide us in determining the duration of the stepparent obligation. It is significant that the statutes impose upon children the duty of supporting their parents and grandparents, but do not do so in cases *376 of stepchildren. Neither stepchildren nor stepparents inherit property from each other.
After careful examination of decisions, including the most recent in the Domestic Relations Court of New York City by our esteemed colleagues Justice Panken (Peake v. Peake, 205 Misc. 393) and Justice Ruisi (Matter of Jones v. Stautz, 5 Misc 2d 185), we are of the opinion that in the absence of a clear statutory provision continuing the obligation of the stepparent after the death of either party to the marriage the relationship and obligation on the part of the survivor terminates.
This proceeding, therefore, is dismissed, without costs.
Enter order accordingly.