Joseph Jiudice, J.
This is an application by the Commissioner of Public Welfare of the County of Dutchess to compel a child, who is presently an adult and self-supporting, to support his mother.
The mother in this case is presently a recipient of public welfare in that the Dutchess County Welfare Department is presently caring for her.
The evidence presented to the court explains the unwillingness on the part of the adult children to accept a duty of contributing to the support of their mother for they were abandoned by their mother many years ago during their minority. At that time, the mother was brought into court for having deserted said children and given a choice by the court of accepting her paramour or the responsibility of her children. She chose the paramour. Of necessity, the children, after being abandoned by their mother, were placed in various foster homes and there has been little or no relationship between them and their mother since that time. The children have had to shift for themselves since early youth.
The essence of the defense presented by the respondent is that the children were begotten at the will of their mother and since coming upon this earth she has failed to win their affection or respect. Therefore, the respondent pleads that he should not be required to contribute to her support but the burden should fall upon the community.
The entire subject of support of a mother by her children is by statute alone. There was no obligation upon the children for support of their parents at common law (Matter of Salm, 171 Misc. 367, affd. 258 App. Div. 875, affd. 282 N. Y. 765 [1940]). By statute an attempt is made to impose a liability upon the children for a mother who is a recipient of public assistance. *212 Since these statutes are in derogation of the common -law, they should be strictly construed.
Section 101 of the Social Welfare Law provides: “The * * * child of a recipient of public assistance or care * * * shall, if of sufficient ability, be responsible for the support of such person. ’ ’ This section further provides: ‘ ‘ The liability imposed by this section shall be for the benefit of the public welfare district concerned ’ ’.
The Social Welfare Law is silent as to the obligation of the child to his parent who abandoned him during his infancy.
Section 101 of the Social Welfare Law was derived from section 125 of the Public Welfare Law of 1929 which, to a large extent, contains almost the same language. The Poor Law of 1896 was similar in nature.
Section 914 of the Code of Criminal Procedure, which was repealed in 1962, contained almost the exact language as found in section 101 of the Social Welfare Law.
Provisions similar to the above may be found in sections 24, 79 and 80 of the Mental Hygiene Law and section 926-b of the Code of Criminal Procedure.
A study of section 415 of the Family Court Act indicates a similar responsibility of children to support their parent if said parent is a recipient of public assistance and if they have sufficient ability to pay. However, the Legislature was careful to also state as follows: “In its discretion, the court may require any such person to contribute a fair and reasonable sum for the support of such relative ”. (Italics supplied.)
For the first time we observe that the Legislature has exercised its prerogative in allowing the court to use its discretion rather than the mandatory nature of the statutes found elsewhere. This was undoubtedly done in order to prevent injustices from creeping into our law.
A radical innovation in or an alteration of public policy of this State is involved.
The Legislature has inserted the ‘ ‘ discretion ’ ’ of the court into the statute and it is fair to assume it intended to prevent an unreasonable approach to a given situation.
The Joint Legislative Committee on Court Reorganization in drafting the Family Court Act made the following observation concerning section 415: “This section consolidates parts of
subdivisions 1, 4 and 5 of Section 101 of the Domestic Relations Court Act and parts of subdivisions 4 and 5 of Section 31 of the Children’s Court Act, but substitutes for the current mandatory language a discretionary provision.”
*213 What this boils down to is whether or not the adult children are going to pay for the care of their mother who abandoned them during their infancy, and in what proportion, or is the community going to bear the responsibility for the care of this indigent person!
Will it serve the public interest to condone the immoral and unconscionable actions of the mother and force her children to support her Í
This court comes to the inescapable conclusion that the mother separated herself from her children during their infancy and failed to supply their needs. This was a willful withdrawal or a neglect of her parental responsibility.
Therefore, this court is of the opinion to hold the children responsible for the welfare of their mother because she is a recipient of public welfare would do a great disservice to the children who have grown up with families of their own to support and who are decent, law-abiding citizens in this community. Accordingly, the petition herein is dismissed.