Arthur J. Abrams, J.
This is a petition filed under article 4 of the Family Court Act wherein petitioner seeks support for herself only.
A brief summation of the facts follow:
The parties were married on May 27, 1967; some six months later respondent entered the military service; he served in Vietnam from 1968 to 1969; while there, petitioner sent him a “ Dear John ” letter to the effect that she no longer desired to be his wife; upon respondent’s return from Vietnam a reconciliation (May, 1969 to June, 1969), where parties cohabited as husband and wife, was attempted but failed. The respondent returned to the military in June, 1969 and the parties entered into a separation agreement on August 15, 1969 wherein no provision was made for alimony. At that time, petitioner was gainfully employed.
On April 27, 1970, petitioner gave birth to a baby boy, and testified that one “Robert Williams” was .the child’s father and that she had filed a paternity petition in this court to that effect. No moneys have been forthcoming from the respondent since the termination of his military service and simultaneously cessation of allotment checks in December, 1969. Since early 1970 the petitioner has been a recipient of public assistance from the Department of Social Services.
There is no more basic presumption in the law than that a child born to a married woman is that of her husband. However, this presumption is rebuttable and the court is verily satisfied that the respondent has overcome the said presumption. Petitioner’s admissions, the fact that when the separation agreement was entered into petitioner was unaware of her pregnancy, the date of the child’s birth, the respondent’s testimony, the petitioner’s relationship with one Robert Reedy, all seem to buttress the court’s finding.
*343 Section 415 of the Family Court Act presently reads: “ The spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof, or of a patient in an institution in the department of mental hygiene, if of sufficient ability, is responsible for the support of such person or patient, provided that a parent shall be responsible only for the support of his minor child. In its discretion, the court may require any such person to contribute a fair and reasonable sum for the support of such relative and may apportion the costs of such support among such persons as may be just and appropriate in view of the needs of the petitioner and the other circumstances of the case and their respective means. Step-parents shall in like manner be responsible for the support of minor children.” (As amd. by L. 1965, ch. 674; L. 1966, ch. 256, § 46, eff. April 30, 1966.)
The language of this section as initially drawn encompasses parts of section 101 of the Domestic Delations Court Act and section 31 of the Children’s Court Act with the major exception that certain powers which were mandatory have now become discretionary. The section in question has been changed since 1962 but not as regards the discretionary powers.
Looking at this marriage from its conception and even noting the short-lived reconciliation in May, 1969, nonetheless, it seems apparent that petitioner “wanted out”. Nowhere does petitioner deny that it was she who sought to terminate the relationship and nowhere was there even an allegation of the remotest justification for her action. While conceivable, the court, as stated aforesaid, does not believe that respondent has fathered petitioner’s child. To hold the respondent financially liable for child born while his wife was engaged in an extramarital affair would be eminently unfair. Would it be any less so if the sole reason she required financial assistance was the end product of the same affair? We think not!
The issue, thus, is whether society or the respondent should be compelled to support the erring wife. While there is no doubt that the court has the power to compel respondent to support petitioner under section 415 of the Family Court Act, regardless of her actions, this case is a classic example of where discretion should be applied, otherwise, there would be little point amending the section in question. We might add that while this court and respondent’s attorney have found no case directly in point, the reasoning in Matter of Lasher v. Decker (43 Misc 2d 211) would seem to be very much in line with the court’s thinking herein. Accordingly petition for support is denied.