OPINION OF THE COURT
Jack J. Cannavo J.
In this proceeding under section 415 of article 4 of the Family Court Act, respondent has moved to dismiss the support petition on the grounds that respondent is not legally responsible for the support of the petitioner.
The question presented herein is whether a stepparent, whose marriage has been terminated by the death of the child’s natural parent, is legally responsible for the support of the stepchild.
Petitioner is an 18-year-old single female attending Suffolk County Community College on a work-study program. Her mother died on September 2, 1961. Subsequently, her father married respondent on August 9, 1962 when petitioner was three years of age. Two female children, petitioner’s half sisters, were born of this union. Her father died on March 10, 1975. Petitioner continued to reside in respondent’s home until June 15, 1977. In June of 1977, petitioner left respondent’s residence to reside with relatives and now seeks support from the respondent pursuant to section 415 of article 4 of the Family Court Act. Concededly, petitioner has limited *38 income and is imminently liable to go on public assistance. She is in fact presently receiving Medicaid benefits from the Suffolk County Department of Social Services. Respondent, however, maintains that the stepparent relationship required under section 415 of the Family Court Act ceased when her marriage was terminated by the death of her husband.
A stepparent does not merely by reason of the affinity stand in loco parentis to a stepchild. The legal liability of support of a stepparent for a stepchild arises by statute when the child is receiving or is in danger of receiving public assistance. No such obligation, however, existed at common law (Williams v Hutchinson, 3 NY 312; Matter of Kane v Necci, 245 App Div 1, app dsmd 269 NY 31; Matter of Helen S. v Stanley S., 52 Misc 2d 865). Section 415 of the Family Court Act creates this liability and provides as follows: "Except as otherwise provided by law, the spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof or of a patient in an institution in the department of mental hygiene, if of sufficient ability, is responsible for the support of such person or patient, provided that a parent shall be responsible only for the support of his child or children who have not attained the age of twenty-one years. In its discretion, the court may require any such person to contribute a fair and reasonable sum for the support of such relative and may apportion the costs of such support among such persons as may be just and appropriate in view of the needs of the petitioner and the other circumstances of the case and their respective means. Step-parents shall in like manner be responsible for the support of children under the age of twenty-one years.”
Petitioner cites the cases of Peake v Peake (205 Misc 393) and Matter of Jones v Stautz (5 Misc 2d 185) in support of her contention that the death of a parent does not conclude the stepparent relationship because death is an act of God and is therefore not a willful act. In contrast, the petitioner further argues, a divorce does end this relationship since there is an "intent to terminate the living tendrils of the marriage”.
While petitioner’s arguments appear to be persuasive, they are not convincing to this court. The relationship between stepparent and stepchild arises as a result of the remarriage of the natural parent. Liability for support of stepchildren is therefore collateral to the existence of a valid marriage. Once the marriage is dissolved, be it by divorce, *39 death, or for any other reason whatsoever, the stepparent relationship ceases and with it the obligation of the stepparent to pay support for the stepchild. In Jones v Jones (161 Misc 660, 663) the court referred to the dictionary to define the term, step, and said that Webster’s Dictionary defines it as " 'a prefix used before father, mother, brother, sister, son, daughter, child, etc., to indicate that the person thus spoken of is not a blood relative, but is a relative only by marriage of a parent’ ” (emphasis supplied). Black’s Law Dictionary defines stepmother as "the wife of one’s father by virtue of a marriage subsequent to that of which the person spoken of is the offspring”, and the American Heritage Dictionary defines the term as "the wife of one’s father by a later marriage”. A stepmother therefore is merely a woman who is the wife of one’s father but not actually one’s mother. Since the relationship derives from the marriage, it follows that it ends upon termination of the marriage regardless of the manner of termination. To hold otherwise and to draw a distinction between a willful termination and a nonwillful termination of the marriage would lead to an anomalous situation where one would be placed in a position of examining all divorce judgments to ascertain whether the particular judgment was contested or uncontested. If the divorce were a contested one, would the defendant stepparent, the nonwillful party who did not seek the divorce, be still regarded as a stepparent?
Moreover, it is well settled that statutes which are in derogation of the common law are to be strictly construed (Matter of Cynthia M. v Elton M., 69 Misc 2d 653; Matter of Lasher v Decker, 43 Misc 2d 211). Since section 415 of the Family Court Act is in derogation of the common law (stepparents at common law were not bound by law to maintain their stepchildren), it must be interpreted literally (Matter of Eagen v Robb, 72 Misc 2d 364). This statute lacks any language which could be interpreted to extend in any way the obligation of the stepparent beyond the death of the natural parent. The court is of the opinion that a proper construction of section 415 of the Family Court Act requires a recognition that the statute is applicable to stepparents only when the relationship of stepparent and stepchild is actually in existence (cf. Matter of Erie County Bd. of Social Welfare v Schneider, 6 Misc 2d 374).
In the case at bar, the respondent’s relation to the petitioner ended with the death of petitioner’s natural father, *40 who was then the respondent’s husband. As a result, respondent’s obligation to support petitioner pursuant to section 415 of the Family Court Act has ended as well.
Because the court lacks jurisdiction to issue an order of support, the petition is dismissed.