OPINION OF THE COURT
Kenneth H. Lange, J.
This is an action by an attorney to recover legal fees allegedly due and owing. According to the moving papers, the defendant was personally served with the summons and complaint in New York City. He has defaulted in answering, and submitted no opposition to plaintiff’s application for a default judgment. That application was denied, however, without prejudice to renew, by the Honorable James R. Cowhey, Judge of the County Court, on the ground that the affidavit of service failed to show the manner in which the defendant was served. Judge Cowhey noted, in addition, that the action may be jurisdictionally defective even if service was proper.
The basis for Judge Cowhey’s comment is readily apparent. The jurisdiction of this court over actions for money damages is limited to three situations: (1) where the defendant is a resident of the county; (2) where the defendant has an office for the *916 transaction of business in this county and the cause of action arose here; and (3) where the defendant is a foreign corporation doing business within the county and the cause of action arose here (Judiciary Law § 190 [3]). None of these circumstance are present in the case at bar. Although the plaintiff is, according to his affidavit, a resident of Westchester County, the papers fail to give any indication as to the residence of the defendant. There is no allegation that the defendant has an office for the transaction of business in this county or elsewhere, and he is not a foreign corporation. Finally, the complaint alleges that the defendant retained plaintiff, and therefore the cause of action arose in New York County.
In order to cure this jurisdictional defect, the defendant now moves for an order transferring the case to the Supreme Court, Westchester County. The authority upon which he bases his application, CPLR 325, is, however, inapposite. That section deals with removal or transfer by the Supreme Court. It does not authorize the County Court to transfer a case to the Supreme Court.
Such transfers are authorized, however, by NY Constitution, article VI, § 19 (b). That section provides that: “The county court shall transfer to the supreme court or surrogate’s court or family court any action or proceeding which has not been transferred to it from the supreme court or surrogate’s court or family court and over which the county court has no jurisdiction.” Although the transfer and removal sections of the CPLR have never included a complementary provision, implementing legislation is not necessary to vest the County Court with this power. Subdivisions (a) and (f) of this section have been held to be self-executing grants of constitutional power (see, Kemper v Transamerica Ins. Co., 61 Misc 2d 7; Frankel Assoc. v Dun & Bradstreet, 45 Misc 2d 607). Only where the constitutional language specifically refers to the need for implementing legislation is the court unable to rely directly on the Constitution for its authority (cf. Matter of Dalliessi v Marbach, 56 AD2d 858). Since such language is not present here, the constitutional mandate applies to this court without any intermediary enactment.
The next question is whether this constitutional provision requires a transfer in the case at bar. The language of the provision is mandatory, and by its terms it applies to any case over which the County Court has no jurisdiction. Its clear impact, however, is that it deals only with those situations in which the parties are properly before the court, but the court is without authority to adjudicate the controversy. Where the *917 defect is with respect to in personam jurisdiction, as in the case at bar (see, Meyers v American Locomotive Co., 201 NY 163; Wolfe v Blackman, 279 App Div 977; Siegel, NY Prac § 14), however, a transfer which would have the effect of obviating the jurisdictional defect is inappropriate.
The Appellate Term so held in All-State Credit Corp. v Defendants Listed in 669 Default Judgments (61 Misc 2d 677), a case which is strikingly similar to the case at bar. In All-State, the plaintiff sought 669 default judgments in Nassau County Court against defendants who were not Nassau County residents and with respect to whom no jurisdictional basis had been asserted. The court denied the application and the plaintiff appealed, arguing, inter alla, that the court should have transferred the actions to the proper court rather than dismissing them. The Appellate Term rejected this argument, holding that in the absence of personal jurisdiction, no transfer was permissible.
Although the court did not elucidate this aspect of the decision, its reasoning is readily apparent. A court that is without jurisdiction over the parties to a matter lacks authority to bind the parties in any respect (see, Matter of Clark, 166 Misc 909). Furthermore, to allow the jurisdictional defect to be cured by transfer would effectively prevent the defendant from contesting the issuance of a judgment by which he will be bound. As far as the defendant knows, this action is proceeding in the County Court of Westchester County. He may have consciously disregarded the summons, knowing that any judgment obtained would be voidable in the event that enforcement was subsequently sought. Having failed to appear, the defendant is not entitled to notice of any further proceedings in this matter (see, CPLR 2103). If a transfer were granted pursuant to this motion, the defendant would be subject to a valid judgment without ever having been advised of such a possibility. In effect, jurisdiction would have been obtained by an ex parte motion.
Such a result could not have been contemplated when the constitutional provision in question was drawn up. Had it been, the provision would be unenforceable, since “proceedings in a court of justice to determine the personal rights and obligations of parties over whom that court has no jurisdiction do not constitute due process of law” (Pennoyer v Neff, 95 US 714, 733). Accordingly, the court will construe the first sentence of NY Constitution, article VI, § 19 (b) as requiring a transfer only where the court lacks subject matter jurisdiction, and as having no effect where the defect in the action is with respect to in personam jurisdiction.
*918 The plaintiff’s motion to transfer the case at bar to the Supreme Court is therefore denied. Furthermore, inasmuch as the plaintiff has failed to establish any valid basis for jurisdiction in the County Court of Westchester County, the action is dismissed, on the court’s own motion.