OPINION OF THE COURT
Norman Feiden, J.
The facts in this case are not in dispute. The question of law with which the court is presented is whether or not the commencement of a divorce proceeding against the child’s mother terminates the stepfather’s duty to pay support for the stepchild, pursuant to a prior court order directing him to pay support for the child, who is placed in the custody of a State agency. The original order was made when the parties were married and was on the consent of the stepfather.
Clearly, a stepparent is required to furnish support for a stepchild placed in the custody of a State agency after the child is adjudicated to be a person in need of supervision. (Family Ct Act § 415; Department of Welfare of City of N. Y. v Siebel, 6 NY2d 536 [1959]; Matter of Eagen v Robb, 72 Misc 2d 364 [1972]; Matter of Spenser v Spenser, 128 Misc 2d 298 [1985], stepparent liable for support of stepchild.)
The stepparent’s relationship and duty to support pursuant to Family Court Act § 415 ceases when the marriage to the natural parent is dissolved, be it by divorce, death or any other reason. Only at that time does the obligation of the stepparent to pay for the support of the stepchild end. (Matter of Eckhardt v Eckhardt, 37 AD2d 629 [1971]; Matter of Kaiser v Kaiser, 93 Misc 2d 36 [1978].)
*456 The mere separation of the stepparent and natural parent, or the commencement of a divorce action by the stepparent, does not relieve the stepparent of the obligation of support created by Family Court Act § 415. (Matter of Buscaglia v Tutko, 86 AD2d 974 [1982].)
The cases cited by the respondent have no bearing on the effect of Family Court Act § 415. Muller v Muller (116 Misc 2d 660 [1982]) only states that the effective date for evaluation of the marital property is the commencement of the cause of action. Based on the Equitable Distribution Law, a date is set for determining the marital property; however, no one would argue that the parties are effectively divorced at the commencement of the action. Only upon the granting of the judgment of divorce are the parties divorced, and only then is a stepparent’s liability relieved. (Matter of Buscaglia v Tutko, supra.) As petitioner states, the mere commencement of an action for divorce cannot terminate a stepparent’s obligation to support. To hold otherwise would allow a stepparent desirous of extinguishing a support obligation to do so merely by serving a summons and complaint upon the natural parent. The divorce action need not be pursued, and yet the stepparent would effectively have circumvented his statutory obligation and have frustrated legislative intent. It is unconscionable that a stepparent be allowed to avoid a support obligation in so cavalier manner, particularly as public funds are in issue. If respondent’s position were to be upheld, his liability for support would be contingent upon his action or inaction, rather than by judicial action (i.e., divorce judgment, order vacating support). Wilson v Wilson (101 AD2d 536 [1984]) is cited by respondent, is a case of equitable distribution, and in no way abrogates or relieves the statutory responsibility of a stepparent pursuant to Family Court Act § 415. Matter of Slochowsky v Shang (67 AD2d 926 [1979]) is based upon the interpretation of a Federal regulation; here the liability is based only on a State law.
The order of March 22, 1985 did not in any way affect the parent payment order of August 22, 1983 consented to by applicant respondent. It merely changed the placement of Daniel P. and continued uninterrupted the parent payment order of August 22, 1983.
The letter of January 16, 1985 by respondent’s attorney did not terminate his obligation. Only the judgment of divorce granted August 8, 1985 terminated respondent’s obligation to his former stepson.
*457 The motion to dismiss the Department of Social Services petition is also determinative of respondent’s modification petition to vacate, dated April 16, 1985. Accordingly, respondent’s modification petition is dismissed, since it is based on the same facts and would be determined by the same law as set forth in this decision on the motion.
The clerk is directed to calendar the matter before a hearing examiner for determination of arrears and the establishment of an order of payment on arrears and judgment, if deemed proper.