(October 30, 1986)

■ In the Matter of the Estate of HENRY J. BRAKER, Deceased. ROBERT ABRAMS, as Attorney-General of the State of New York, Appellant, v BRAKER MEMORIAL HOME et al., Respondents.—Order, Surrogate's Court, New York County (Renee R. Roth, S.), entered July 29, 1985, which granted respondents' motion to dismiss the petition for lack of subject

matter jurisdiction, modified, on the law, to reinstate the petition and transfer the action to the Supreme Court, and as so modified, the order is affirmed, without costs.

We agree, essentially for the reasons stated by the Surrogate in her opinion (127 Misc 2d 894), that the instant case does not affect the affairs of the decedent or the administration of his estate, which were terminated by final decree in 1925. *(See, Matter of Piccione,* 57 NY2d 278, 288.) Accordingly, we affirm the order appealed from insofar as it gave legal effect to the court's determination to decline jurisdiction under the particular circumstances herein presented. *(See, Matter of James,* 22 Misc 2d 1062, 1068, *affd* 284 App Div 936, *affd* 309 NY 659; *cf. Matter of Vanderbilt,* 109 Misc 2d 914; *Sims v Manley,* 120 AD2d 405.)

We modify the Surrogate's order insofar as it dismissed the petition rather than transferring it to the Supreme Court, Bronx County, pursuant to NY Constitution, article VI, § 19 (d), which provides: "The surrogate's court shall transfer to the supreme court or the county court or the family court or the courts for the city of New York established pursuant to section fifteen of this article any action or proceeding which has not been transferred to it from any of said courts and over which the surrogate's court has no jurisdiction."

We observe that this disposition is in accord with a discussion of this case in a leading treatise *(see,* 10 Cox-Arenson-Medina, NY Civ Prac-SCPA ¶ 201.06, at 2-50, 2-51). Concur—Murphy, P. J., Sandler, Sullivan and Wallach, JJ.