In the Matter of LAWRENCE W., a Person Alleged to be a Juvenile Delinquent.

Family Court, Bronx County, November 29, 1988

**APPEARANCES OF COUNSEL**

*Peter L. Zimroth, Corporation Counsel (Alma Cordova* of counsel), for presentment agency. *Lenore Gittis* and *Shari Vrod* for respondent.

**OPINION OF THE COURT**

HARVEY M. SKLAVER, J.

In this delinquency proceeding, the respondent appears

before the court pursuant to a Family Court appearance ticket (Family Ct Act § 307.1). He is charged with grand larceny—auto and related offenses (Penal Law § 155.30 [8]; § 165.45 [5]; § 165.05 [1]; § 145.00 [1]). The petition alleges that the respondent was born on August 23, 1973, thus rendering him to be 15 years of age. However, now at the initial appearance, the respondent announces his date of birth to be August 23, 1971, thus indicating that he is 17 years of age and outside the jurisdiction of the court (Family Ct Act § 301.2 [1]). Respondent's age is confirmed by his grandmother who is present at the initial appearance. In light of the respondent's age, the presentment agency moves for a dismissal of the petition. For reasons to be set forth, the motion is denied.

NY Constitution, article VI, § 19 (e) provides: "The family court shall transfer to the supreme court or the surrogate's court or the county court or the courts for the city of New York established pursuant to section fifteen of this article any action or proceeding which has not been transferred to it from any of said courts and over which the family court has no jurisdiction." The Criminal Court of the City of New York is one of the courts to which a proceeding may be transferred.[1] The grant of constitutional power to transfer is self-executing and does not require implementing legislation *(Ghobashy v Sabra,* 127 Misc 2d 915 [which addressed § 19 (b)]). Subdivision (e) provides that "[t]he family court *shall* transfer" (emphasis added). Indeed, it would appear that transfer is mandatory and that a dismissal for want of jurisdiction is error *(Matter of Braker,* 123 AD2d 585 [which addressed § 19 (d)]).[2]

Implicit in subdivision (e), although not stated, is the requirement that the transferee court have jurisdiction of the subject matter.[3] In that regard, NY Constitution, article VI, § 15 (c) provides: "The court of city-wide criminal jurisdiction of the city of New York shall have jurisdiction over crimes

---

1. NY Constitution, article VI, § 15 provides in subdivision (a) that: "The legislature shall by law establish a single court of city-wide civil jurisdiction and a single court of city-wide criminal jurisdiction in and for the city of New York".

2. Implementing legislation would be required for transfers pursuant to NY Constitution, article VI, § 19 (c), (g), (h) and (i) since each of those subdivisions contains the introductory phrase "As may be provided by law" which is not contained in subdivisions (b), (d) and (e).

3. See *Ghobashy v Sabra* (127 Misc 2d 915, 917) with respect to personal jurisdiction, an issue not present here.

and other violations of law, other than those prosecuted by indictment, provided, however, that the legislature may grant to said court jurisdiction over misdemeanors prosecuted by indictment; and over such other actions and proceedings, not within the exclusive jurisdiction of the supreme court, as may be provided by law." The present petition, in addition to the usual general allegations, contains both accusatory and factual allegations, and is verified. Thus, it fits the definition of a felony complaint (CPL 1.20 [8]) sufficient to commence a criminal action (CPL 10.10 [3]).

In light of the foregoing, this within proceeding is transferred to the New York City Criminal Court, Bronx County, Part AR-2 and the respondent is paroled[4] to appear there on December 19, 1988.[5] Transfer of the proceeding will avoid the rearrest of the respondent and prearraignment detention, an experience deemed unnecessary in this case since it is the

---

4. AR-2 is the Part designated for the return of desk appearance tickets issued pursuant to CPL article 150. CPL 150.20 authorizes a police officer to issue a desk appearance ticket in cases identical to this one since the highest charge in the petition is only a class E felony. The court is mindful that the New York City Police Department has a rule prohibiting the issuance of a desk appearance ticket when an arrest is for the commission of a felony. This may be in keeping with the second clause in CPL 530.20 (2) (b), which prohibits (with very limited exceptions) a local criminal court from paroling or fixing bail on a defendant charged with a felony unless the court has the defendant's NYSID report or police department report with respect to the defendant's prior arrest record. In the present case, since the respondent was issued a Family Court appearance ticket and he appeared as directed and the probation service reported this to be the respondent's first arrest this court opts to follow the spirit of CPL 150.20. Perhaps the Legislature ought to address the apparent conflict between CPL 150.20 and 530.20 (2) (b) (ii).

5. Routine procedures incident to a criminal proceeding can be taken when the respondent appears in Criminal Court. If the District Attorney's office is uncomfortable with proceeding on the present petition it can file a felony complaint in its accustomed form. Also, fingerprints and photographs can be taken and a NYSID report ("rap sheet") prepared prior to or at that time. Also, since the District Attorney is vested with prosecutional discretion a desirable practice in cases such as this would be for the Family Court to notify that office of the intended transfers and afford the District Attorney an opportunity to be heard (see, Family Ct Act § 813 [1], for such notice in family offense cases prior to transfer to criminal court).

respondent's first contact with either the juvenile justice or criminal justice systems.[6]

---

6.  Since the court is paroling the respondent to appear in Criminal Court this decision should not be read as construing the Constitution as requiring a transfer in a case in which the Family Court Judge deems it necessary to remand the respondent or fix bail in order to assure appearance in the transferee court. An analysis of that question should await an appropriate case. However, it should be noted in passing that Family Court Act § 153 which authorizes the Family Court Judge to fix bail to insure a person's attendance at a hearing or proceeding does not, by its language, require that the hearing or proceeding be one to be held in the Family Court. For instance, there is nothing to suggest that a respondent *must* be paroled when the case is transferred to Criminal Court pursuant to Family Court Act § 813, particularly in light of assault in the second degree (one of the offenses enumerated in Family Ct Act § 812 [1]) being a class D felony for which a police officer may not issue a desk appearance ticket pursuant to CPL 150.20.