◼ LINDA RANDOLPH, as Executrix of CHARLES A. HAUG, Deceased, Respondent, v NATIONWIDE MUTUAL FIRE INSURANCE CO., Appellant. (Appeal No. 1.) [662 NYS2d 650] —Judgment unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiff's motion for summary judgment, declaring that defendant must defend and indemnify plaintiff's decedent in the underlying personal injury action. Contrary to defendant's contention, the stepchild of plaintiff's decedent was not a relative within the meaning of the exclusionary provisions of the homeowner's policy issued to plaintiff's decedent. The stepchild had resided with plaintiff's decedent until both died from carbon monoxide poisoning in March 1994. The wife of plaintiff's decedent, who was the adoptive mother of the stepchild, had died the previous year. The stepchild's estate commenced the underlying personal injury action against plaintiff's decedent. In disclaiming coverage, defendant relied on a policy provision that excludes coverage for "bodily injury to you, and to the following who live in your household: your spouse, your relatives or any other person under age 21 and in the care of you or your relatives." The policy does not define the term "relative".

In issues of insurance coverage, any ambiguities are construed in favor of coverage (*see, Wrigley v Potomac Ins. Co.,* 122 AD2d 361, 362). "[T]he rule of construction applied to ambiguous terms in insurance contracts strongly favors the insured. 'Where an insurer attempts to limit liability by use of an ambiguously worded term which is subject to more than one reasonable construction, the courts will construe it strictly against the insurer (*Sperling v Great Amer. Ind. Co.,* 7 NY2d 442, 447).' [citations omitted] This principle holds particularly true in cases where the ambiguity is in an exclusionary clause" (*Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 384, *lv denied* 44 NY2d 646). The term "relative" has been defined as "a person connected with another by blood or affinity" (Webster's Third New International Dictionary 1916). It also has

been defined as a "kinsman; a person connected with another by blood or affinity", and "affinity" is defined as "[t]he connection existing, in consequence of marriage, between each of the married persons and the kindred of the other" (Black's Law Dictionary 1289, 59 [6th ed 1990]). To the extent that the stepchild was a relative by affinity of plaintiff's decedent, that relationship terminated upon the death of the spouse of plaintiff's decedent (see, Matter of Erie County Bd. of Social Welfare v Schneider, 6 Misc 2d 374; see also, Matter of Kaiser v Kaiser, 93 Misc 2d 36). Thus, at the time of their deaths, plaintiff's decedent and his stepchild were no longer "relatives" within the meaning of the policy's exclusionary clause.

We reject defendant's alternative contention that plaintiff's notice of claim was untimely. Pursuant to the policy, plaintiff was required to give defendant notice of any claim or potential claim as soon as was practicable. Plaintiff stated in her supporting affidavit that she did not believe a claim would be made against the estate because she knew of no one who would benefit from the stepchild's death. The stepchild was adopted, had no dependents, earned meager wages, and was predeceased by his adoptive mother and stepfather. That statement was uncontroverted and, indeed, defendant did not argue in Supreme Court that the notice was untimely. Even assuming, arguendo, that the issue is properly before us, we conclude that it is lacking in merit. Plaintiff gave defendant notice of the claim within a few days after learning of it (see, Merchants Mut. Ins. Co. v Hoffman, 56 NY2d 799). (Appeal from Judgment of Supreme Court, Erie County, Sedita, Jr., J.—Declaratory Judgment.) Present—Denman, P. J., Hayes, Callahan, Doerr and Boehm, JJ. [See, 170 Misc 2d 364.]