■ BRUCE ROUNDS et al., Appellants, v NICHOLAS TODORA et al., Respondents, et al., Defendant. (Appeal No. 2.) [773 NYS2d 656]—

Appeal from a judgment of the Supreme Court, Oneida County (John G. Ringrose, A.J.), entered August 13, 2003. The judgment granted the motion of defendants Nicholas Todora and Kemper Insurance Company for summary judgment dismissing the complaint against them and awarded them costs and disbursements.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the provision dismissing the complaint and granting judgment in favor of defendants Nicholas Todora and Kemper

Insurance Company as follows: "It is adjudged and declared that defendant Kemper Insurance Company has no duty to defend defendant Jean Todora in the underlying personal injury action or indemnify her for the recovery obtained and judgment entered therein and as modified the judgment is affirmed without costs."

Memorandum: Plaintiffs commenced this action seeking judgment declaring that defendant Kemper Insurance Company (Kemper) has a duty to defend defendant Jean Todora (Jean) in the underlying personal injury action and to indemnify her for the recovery obtained and judgment entered against her in that underlying action. Kemper issued an insurance policy to defendant Nicholas Todora (Nicholas), Jean's ex-husband, for the property where Jean resides. It is undisputed that Jean is not a named insured under the policy. Supreme Court properly granted the motion of Nicholas and Kemper for summary judgment. Contrary to plaintiffs' contention, Jean does not fall within the definition of an insured under the policy. The policy defines insureds as residents of the named insured's household who are either relatives or other persons under the age of 21. Even assuming, arguendo, that Jean was a member of Nicholas's household, we conclude that she was not a relative of Nicholas, and it is undisputed that she was not under the age of 21 at the time of the underlying accident, and thus she was not an insured under the policy. Although Jean was related to Nicholas by affinity during their marriage, that relationship terminated upon their divorce more than seven years before the accident (*see Randolph v Nationwide Mut. Fire Ins. Co.*, 242 AD2d 889, 890 [1997]). Although the court properly granted the motion of Nicholas and Kemper for summary judgment, it erred in dismissing the complaint rather than declaring the rights of the parties (*see Pless v Town of Royalton*, 185 AD2d 659, 660 [1992], *affd* 81 NY2d 1047 [1993]). We therefore modify the judgment by vacating the provision dismissing the complaint and granting judgment in favor of Nicholas and Kemper declaring that Kemper has no duty to defend Jean in the underlying personal injury action or indemnify her for the recovery obtained and judgment entered therein. Present—Green, J.P., Pine, Scudder, Gorski and Hayes, JJ.