Matter of Rita F. v Neil F. (2006 NY Slip Op 26200)

Matter of Rita F. v Neil F.

2006 NY Slip Op 26200 [12 Misc 3d 894]

May 16, 2006

Bednar, J.

Family Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, August 16, 2006

[*1]
In the Matter of Rita F., Petitioner,
v
Neil F., Respondent.
Family Court, New York County, May 16, 2006

APPEARANCES OF COUNSEL

Robert J. Epstein, Brooklyn, for respondent. McCarter & English, New York City (William M. Moran of counsel), for petitioner.

OPINION OF THE COURT

Mary E. Bednar, J.
This decision will address the respondent's motion to dismiss the instant family offense petition, and the petitioner's cross motion to transfer the proceeding to Criminal Court. The following are my findings of fact and conclusions of law.
The petition, which was filed on November 22, 2005, alleged that the respondent committed acts, which cross-referenced to the Penal Law, would constitute aggravated harassment in the second degree (Penal Law § 240.30) and harassment in the first degree (Penal Law § 240.25). The petition specifically alleges that between July 2005 and November 2005 the respondent left 40 threatening messages on the petitioner's answering machine.
The petitioner was married to the respondent's father in 1991, making the respondent and petitioner steprelatives. The marriage lasted until June 5, 2004, when the respondent's father died.
On April 6, 2004 the respondent filed a motion to dismiss the petition, on the grounds that Family Court lacks subject matter jurisdiction. The respondent specifically argues that the death of his father ended the stepparent-stepchild relationship between the petitioner and him, taking the case outside of Family Court's jurisdiction. In his motion papers the respondent cites case law which finds that divorce between a stepparent and biological parent ends the stepparent-stepchild relationship.
The petitioner opposes the dismissal motion. In her opposition papers she argues that a marriage ended by divorce differs from a marriage ended by death. She asks me to find that the stepparent-stepchild relationship survives the death of the stepchild's [*2]biological parent. The petitioner's opposition papers contain a cross motion to transfer the instant petition to Criminal Court, in the event that I find I lack jurisdiction.
The respondent has filed papers in which he opposes transferring the case to Criminal Court. In his papers he argues that if I conclude Family Court lacks jurisdiction over the petition, then I no longer have the authority to transfer the case. The petitioner subsequently filed a memo in reply to the respondent's papers opposing the transfer to Criminal Court.
Family Court Act § 812 (1) makes family offense proceedings applicable to "members of the same family or household" which includes "(a) persons related by consanguinity or affinity."
While stepchildren and stepparents are considered "members of the same family or household" for purposes of a family offense proceeding (see, Matter of Nadeau v Sullivan, 204 AD2d 913, 914 [3d Dept 1994]), divorce between the stepparent and stepchild's biological parent divests Family Court of jurisdiction over cases filed pursuant to Family Court Act article 8 (see, Matter of Orellana v Escalante, 228 AD2d 63 [4th Dept 1997]; Matter of Dulanto v Dulanto, 276 AD2d 694 [2d Dept 2000]).
The threshold issue—apparently one of first impression in regard to a family offense proceeding—is whether a marriage ended by death (as opposed to divorce) severs the stepparent-stepchild relationship for purposes of deciding jurisdiction under Family Court Act § 812.
It has been held in the context of cases addressing child support and insurance coverage that the stepparent-stepchild relationship ceases upon the death of the stepchild's biological parent (Matter of Kaiser v Kaiser, 93 Misc 2d 36 [Fam Ct, Suffolk County 1978]; Matter of Erie County Bd. of Social Welfare v Schneider, 6 Misc 2d 374 [Children's Court, Erie County 1957] [cases finding that death of stepparent's spouse terminates stepparent's child support obligation to stepchild]; Randolph v Nationwide Mut. Fire Ins. Co., 242 AD2d 889, 890 [4th Dept 1997] [holding that, "(t)o the extent that the stepchild was a relative by affinity of plaintiff's decedent, that relationship terminated upon the death of the spouse of plaintiff's decedent"]). These cases are effectively indistinguishable from the instant matter with regard to their treatment of steprelatives, and their holdings are compatible with the goal of protecting "members of the same family or household." Overall, "[o]nce the marriage is dissolved, be it by divorce, death, or for any other reason whatsoever, the stepparent relationship ceases." (Matter of Kaiser v Kaiser, supra at 38-39.)
The argument made in the plaintiff's papers that the reasoning of these cases shouldn't be extended to the sphere of domestic violence because Estates, Powers and Trusts Law § 5-1.2 distinguishes between death and divorce in regard to the inheritance rights of spouses is unconvincing. That statute involves the marriage contract, and does not address the stepparent-stepchild relationship. Also inapposite are cases cited by the petitioner which hold that paternity rights[FN1]

and the right to annul a marriage based on fraud[FN2]

survive [*3]the death of a spouse. Those cases involve public policy considerations that are absent here.
As such, Family Court lacks subject matter jurisdiction over the instant petition. (See, Matter of Anstey v Palmatier, 23 AD3d 780, 780 [3d Dept 2005] [citing with favor Randolph v Nationwide Mut. Fire Ins. Co. (supra), in ruling that Family Court lacked subject matter jurisdiction over family offense matter where parties were not related by affinity]; Zimmerer v Prudential Ins. Co. of Am., 150 Neb 351, 34 NW2d 750 [Sup Ct 1948] [ruling that death of wife severed relationship of affinity between husband and deceased wife's brother].)
The instant matter, however, does not end here. "The Family Court shall transfer to . . . the courts for the city of New York established pursuant to section fifteen of this article[FN3]

any action or proceeding . . . over which the family court has no jurisdiction." (NY Const, art VI, § 19 [e].)[FN4]

Transfer in such cases is mandatory (see, Matter of Lawrence W., 142 Misc 2d 203 [Fam Ct, Bronx County 1988]; Matter of Braker, 123 AD2d 585 [1st Dept 1986] [ruled that article VI, § 19 (d) of the State Constitution, which tracks the language of section 19 (e) and applies to Surrogate's Court, mandates transfer, rather than dismissal, when Surrogate's Court lacks jurisdiction]).
Where the transfer motion is made after a dismissal motion, but before a decision on the dismissal motion has been reached, the transfer motion supercedes the motion to dismiss (see, Taylor v Goodrich, 284 App Div 928 [4th Dept 1954] [decided in context of Civil Practice Act § 110, the predecessor of CPLR 325]; Kemper v Transamerica Ins. Co., 61 Misc 2d 7 [Civ Ct, NY County 1969] [extending rule of Taylor v Goodrich to cases transferred pursuant to State Constitution]).
Given that the petitioner's transfer motion was filed prior to the issuance of a ruling on the dismissal motion, the transfer motion is granted. Accordingly, the Family Court Clerk of Court is ordered to transfer this case to New York County Criminal Court forthwith. The motion to dismiss is rendered moot by the transfer order.
The temporary order of protection, which expires today, will not be renewed as I lack the authority to issue an [*4]order on a case over which I have no jurisdiction.

Footnotes

Footnote 1: See, Matter of Commissioner of Social Serv. v Abizeid, 168 Misc 2d 1005 (Fam Ct, Nassau County 1996).

Footnote 2: Matter of Haney, 14 AD2d 121 (4th Dept 1961).

Footnote 3: This includes the Criminal Court (NY Const, art VI, § 15 [c]).

Footnote 4: Family Court Act § 813 (1), which permits the court to transfer a family offense case to Criminal Court "in the interests of justice," is cited by the petitioner as an alternate authority under which to transfer this case. But section 813 is inapplicable here as the court lacks subject matter jurisdiction. In addition, when statutory provisions conflict with state constitutional provisions, the Constitution takes precedence (see, Garland v Raunheim, 29 AD2d 383 [1st Dept 1968]).