Matter of Decker v Seamon (2007 NY Slip Op 52368(U))

[*1]

Matter of Decker v Seamon

2007 NY Slip Op 52368(U) [18 Misc 3d 1101(A)]

Decided on May 14, 2007

Family Court, Otsego County

Burns, J.

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 14, 2007

Family Court, Otsego County
Lois Decker, (c/o Leslie
Key Power of Attorney), Petitioner,
against
Grant Seamon, Respondent.
O-324-07

Brian D. Burns, J.
A Family Offense Petition was filed by Leslie Key on behalf of Lois Decker. Leslie Key
holds a Power of Attorney for Lois Decker and a copy of said Power of Attorney was attached to
the Petition when filed.
Respondent filed a motion with the court on April 20, 2007, seeking dismissal of the petition
on the ground that Family Court lacks jurisdiction pursuant to Family Court Act § 812.
Petitioner filed responding papers on May 4, 2007, opposing the relief sought in the
Respondent's motion and, in alternative, seeking a transfer of the petition to criminal court in the
event this court finds that Family Court lacks jurisdiction to hear this matter.
The Respondent's motion focuses on FCA § 812 1.(a) which states "[f]or purposes of
this article, 'members of the same family or household' shall mean the following: (a) persons
related by consanguinity or affinity.
The petition states that the Respondent is the cousin of Petitioner's late husband. The
Respondent's moving papers state that the Respondent was the cousin of the Petitioner's late
husband. The Petitioner's responding papers state that the [*2]Petitioner is the Respondent's sister-in-law. Clearly, the
Respondent's motion papers and the Petitioner's responding papers are in disagreement as to how
these parties are or were related to each other but it is apparent that both agree there was some
relation by affinity that may or may not have survived the death of the Petitioner's husband.
Regardless of the relation between the parties, the analysis and result would be identical so it
matters not whether the Respondent and Petitioner were/are cousins or in-laws, under Article 8
of the Family Court Act all relations based upon affinity cease upon the death of the party that
was the source of the relationship.
While stepchildren and stepparents are considered members of the same family or household
for purposes of a family offense proceeding, divorce between the stepparent and stepchild's
biological parent divests the family court of jurisdiction over cases filed pursuant to Family Court
Act Article 8.
Once a marriage is dissolved, be it by divorce, death, or for any other reason whatsoever, a
stepparent relationship ceases. Matter of
Rita F. v. Neil F., 12 Misc 3d 894 (Family Court, New York County 2006).
In the context of cases addressing child support and insurance coverage, the
stepparent-stepchild relationship ceases upon the death of the stepchild's biological parent. Matter of Rita F. v. Neil F., 12 Misc 3d
894 (Family Court, New York County 2006).
The instant case appears to be one of first impression but it follows that in-laws or cousins
related by affinity no longer fall under FCA Art. 8 upon death of the spouse. The relationship by
affinity is terminated upon the death of the spouse.
It would be illogical and untenable to pick and choose which relationships established by
affinity survive death and which do not.
Accordingly, the Family Court lacks subject matter jurisdiction over the instant petition.
As stated earlier, within Petitioner's responding papers is a request to have this matter
transferred to a court of competent jurisdiction in the event that this court determines that Family
Court lacks jurisdiction.
Article VI § 19(h)of the New York State Constitution directs, in pertinent part, that
"As may be provided by law, . . . the family court . . . may transfer any action or proceeding,
other than one which has previously been transferred to it, to any other court, except the supreme
court, having jurisdiction of the subject matter in any other judicial district or county provided
that such other court has jurisdiction over the classes of persons named as parties."
Having found that Family Court lacks jurisdiction to hear [*3]this matter it shall be transferred to Richfield Springs Village Court
for further proceedings and the petition shall be deemed a criminal complaint for the purposes of
prosecution in local criminal court. See, In re Lawrence W., 142 Misc 2d 203 (NY Misc.
1988).
The above constitutes a Decision and Order of the Court.
Dated:May, 2007
Cooperstown, New York
E N T E R,
___________________________________
Hon. BRIAN D. BURNS
Family Court Judge
TAKE NOTICE of an order granted
herein of which the within is a
copy, duly entered in my office
on May, 2007.
Karen A. Nichols. . . . . .Clerk
To: Mark Oursler, Esq.
Victor Carrascoso, Esq.
Lois Decker, PO Box 1304, Richfield Springs, NY 13439
Grant Seamon, 2704 St Hwy 20, Richfield Springs, NY 13439