Joseph Liff, J.
Petitioners, in an article 78 proceeding, seek a judgment to prevent the respondent from making payroll deductions pursuant to section 210 (subd. 2, par. [g]) of the Civil Service Law. The petitioners, and others similarly situated, teachers in the employ of the respondent, absented themselves from their teaching duties from May 7 through May 21 of this *137 year and thus subjected themselves to the penalties prescribed in the statute last cited.
In a communication dated May 7, 1970 the superintendent for the schools of the respondent made a finding that a strike existed and that two days ’ pay would be deducted for each day of unauthorized absence. Pay for one day was taken from the salary of each participant in the strike. The petitioners were successful in preventing the threatened deduction for the second day in an earlier proceeding (Matter of Wilson v. Board of Educ., Union Free School Dist. No. 23, Town of Oyster Bay, Index No. 5893/ 1970). In awarding the judgment in that prior proceeding, Mr. Justice Lykde noted in his memorandum decision (June 16,1970) that actions which would divest a person of property without his consent would have to be conducted in strict compliance with statute and the letter of May 7,1970 could not provide a basis for the imposition of penalties for future dates and that therefore it was not a determination within the meaning of paragraph (g) of subdivision 2 of section 210.
Then, on May 26, 1970 the superintendent made the findings required by section 210 (subd. 2, par. [d]). Now the respondent was confronted with a situation of its own making, that is, payroll deductions could not be made sooner than 30 days (June 25) nor later than 90 days (Aug. 24) following the date of May 26, 1970 (§ 210, subd. 2, par. [g]). In that period apparently there would occur no payroll payments from which deductions could be made because the teaching staff was paid on the basis of 10 calendar months excluding July and August.
Apparently with that in mind, the superintendent under date of August 10, 1970 issued another statement which he labeled a “ final determination ”. It must be concluded that this was an effort to update the determination of May 26, 1970 so that the requirement of 30 and 90 days would be met and extended to the payroll period which would fall in September.
Respondent’s latest effort is no more effective than the prior one. The determination made by the respondent on May 26,1970 in all respects complied with the requirements of section 210 (subd. 2, par. [d]). That determination contained findings that a. violation had taken place; the number and identity of the teachers who were involved; and the dates of the prohibited absences. There was no difference of substance between the determination of May 26 and the later one of August 10. The second was made only as an attempt to come within the statutory requirements.
The penalty provisions of section 210 were added by chapter 24 of the Laws of 1969 and became effective April 1, 1969. The *138 purpose was to provide ‘ ‘ more effective deterrents against strikes ” by public employees (2 McKinney’s 1969 Session Laws of New York, p. 2365 [Memorandum of Senate Buies Committee]). The same memorandum also describes the bill as (p. 2367)
'‘ a new procedure for the expeditious determination of participation in a strike and the imposition of penalties — well defined in advance so that a public employee will be fully aware of the individual consequences of his action and the certainty that penalties will be fairly imposed without unreasonable delay.”
Were an executive officer permitted to extend the limitation period prescribed in the statute merely by making additional ‘ ‘ determinations ’ ’, in the absence of new facts presented to warrant further action, the purported advantages in the statute of preventing ‘ ‘ unreasonable delay ’ ’ would be thwarted. It is clear from the various acts of the respondent and the Superintendent of Schools, that whatever else may be said for subdivision 2 of section 210 of the Civil Service Law, it was surely not designed for an effective use when applied to employees whose salaries are paid upon a 10-month basis as is the case with teachers (see Education Law, § 3015, subd. 2). Under the circumstances, it is the opinion of this court that the payroll deductions proposed by respondent would violate the express provisions of section 210 (subd. 2, par. [g]) of the Civil Service Law in that they would be made later than 90 days following the determination of May 26, 1970. In light of this conclusion the court will not pass upon the constitutional question raised.
The Legislature in its wisdom provided that payroll deductions could not be made sooner than 30 days following the date of the section 210 (subd, 2, par. [d]) determination. It would seem that the purpose of this waiting period would be to afford to an “ objectant ” (§ 210, subd. 2, par. [h]) an opportunity to seek relief. The Legislature also said that the deduction could not be made later than 90 days following the determination. The purpose to be served by this limitation is not readily discernible unless it falls into the expressed desire to avoid ‘ ‘ unreasonable delay ” in the imposition of penalties. In any event it is not the office of this court to legislate but to apply the law as it is found (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 73).
Accordingly judgment is granted in favor of petitioners permanently restraining respondent and its employees from deducting compensation pursuant to section 210 (subd. 2, par. [g]) of the Civil Service Law as a penalty for participation in the strike which took place from May 7,1970 through May 21,1970.