■ In the Matter of HARRY WILSON, as President of Massapequa Federation of Teachers, et al., Respondents, v. BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 23, TOWN OF OYSTER BAY, Appellant.— In a proceeding pursuant to article 78 of the CPLR to prohibit appellant Board of Education from making payroll deductions pursuant to section 210 of the Civil Service Law, the appeal is from a judgment of the Supreme Court, Nassau County, dated January 15, 1971, which granted the petition and permanently restrained it from making the deductions. Judgment reversed, on the law, with $10 costs and disbursements, and petition dismissed on the merits. The time within which

appellant may make the deductions is hereby extended to a period of 60 days commencing with the first pay day in September, 1972. It is essentially undisputed that during the period from May 7, 1970 through May 21, 1970 petitioners, employees of the appellant, engaged in a strike in violation of the Taylor Law (Civil Service Law, art. 14). Section 210 (subd. 2, par. [d]) of the Civil Service Law provides that in the event of a strike the chief executive officer of the governmental subdivision involved shall make a determination indicating the dates upon which such strike took place and the names of the individuals who engaged therein. Paragraph (g) thereof directs that an amount equal to twice the daily rate of pay be deducted from the compensation of each individual for each day he participated in the strike. The statute further provides that the deduction must be made not earlier than 30 days or later than 90 days following the date of the determination. It appears that one day's salary has already been deducted from the compensation of each of the petitioners. In this proceeding petitioners seek to prevent appellant from deducting the second day's pay, relying upon appellant's alleged failure to comply with the 30 to 90 day requirement of the statute. The difficulties encountered by appellant arise from the fact that petitioners are paid on a 10-month basis, no salary being paid to them during the months of July and August. A valid determination was made by appellant on May 26, 1970, five days after the conclusion of the strike, and an attempt was made to make the deductions during June, 1970. That attempt was thwarted by petitioners by means of a prior article 78 proceeding. In that proceeding, appellant relied upon a purported determination dated May 7, 1970 which patently did not conform to the statute. The determination of May 26 could not be relied upon since the proposed deductions were scheduled to be made within 30 days of that date. On August 10, 1970 appellant made another determination, containing findings identical to those of May 26, and notified petitioners that the deductions would be made in 25% installments on September 18, October 2, October 16 and October 30, 1970. By the judgment appealed from appellant is permanently enjoined from making the deductions, for failure to comply with the statutory requirements. Special Term held that the proposed deductions were improper because they were scheduled more than 90 days after the determination of May 26, 1970 and that the determination of August 10, 1970 was invalid, essentially because it was merely an attempt to circumvent the time requirements of the statute. In our opinion, appellant was entitled to make the proposed deductions in September and October, 1970. The cardinal principle to be applied in the construction of statutes is to ascertain and give effect to the intention of the Legislature whenever possible (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 92; *Spencer* v. *Myers,* 150 N. Y. 269, 275; *People* v. *Ryan,* 274 N. Y. 149, 152). The stated policy of the Legislature in enacting the Taylor Law was, in part, "to protect the public by assuring, at all times, the orderly and uninterrupted operations and functions of government" and to provide remedies for violation of the prohibition against strikes by public employees (Civil Service Law, § 200). The intention in directing the loss of two days' pay for each day of participation in a strike, as well as other penalties, was to provide "more effective deterrents against strikes" (2 McKinney's 1969 Session Laws of New York, p. 2365 [Memorandum of Senate Rules Committee]). Under a literal interpretation of the terms of paragraph (g) of subdivision 2 of section 210 as they existed at the time of these events it was virtually impossible to levy the prescribed salary deductions upon employees who were not paid in July and August where a strike extended into the latter part of May and where, as here, the determination was made, in good faith, promptly after the termination of the strike. The 30-day waiting period had the effect of deferring action until the end of June, by which time the pay period had ended. When the payroll

period resumed in September, the 90-day time limitation had expired. Unquestionably, such a result was not intended by the Legislature, which clarified the situation by amending the statute, effective June 17, 1971, to provide that the 30-90 day limitation is tolled during a hiatus in the payment of compensation (L. 1971, ch. 503, § 10). It has frequently been held that the literal meaning of a statute must give way where necessary to give effect to the intention of the Legislature or where a result is produced which the Legislature plainly did not intend (McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 111, 145; *Riggs* v. *Palmer*, 115 N. Y. 506; *People ex rel. Jackson* v. *Potter*, 47 N. Y. 375, 379; *Matter of Ratscheck*, 275 App. Div. 363, revd. 300 N. Y. 346). "Adherence to the letter will not be suffered to ' defeat the general purpose and manifest policy intended to be promoted'" (*Surace* v. *Danna*, 248 N. Y. 18, 21). The courts will not blindly apply the words of a statute to arrive at an unreasonable or absurd result (*Williams* v. *Williams*, 23 N Y 2d 592, 599; *Matter of Fay*, 291 N. Y. 198, 216; *Matter of Alro Liqs.* v. *New York State Liq. Auth.*, 29 A D 2d 271, 275, affd. 27 N Y 2d 984; *Matter of Barry Equity Corp.*, 276 App. Div. 685, 688). A construction which tends to sacrifice or prejudice the public interest or to render a statute ineffective is to be avoided (McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 152, 144). Since the result which obtains here from a literal reading of the statute was so plainly unintended by the Legislature and since the effect upon petitioners is not unjust or inequitable, we construe the statute to mean that the time limitations apply only to periods during which compensation is actually being paid to the employees who are deemed to have engaged in an unlawful strike. We are further of the opinion that even under a literal construction of the statute the deductions sought to be made in September and October, 1970 may be upheld as being timely pursuant to the determination of August 10, 1970. It may well be that the sole purpose for making that additional determination was to extend the permissible period in which the deductions could be levied. However, we do not deem the determination to be thereby rendered invalid, for in making the additional determination appellant was not thwarting legislative intent but was giving it effect by the only means possible under a literal interpretation of the statute. Conceding that one of the aims of the Legislature in enacting the Taylor Law was to impose penalties without unreasonable delay, it is to be observed that the proposed date of September 18, 1970 was the earliest feasible date upon which the deductions could have been made. Munder, Gulotta and Benjamin, JJ., concur; Hopkins, Acting P. J., and Brennan, J., dissent and vote to affirm. [66 Misc 2d 136.]