OPINION OF THE COURT
Perry S. Reich, J.
This prosecution for aggravated unlicensed operation in the *861 second degree raises interesting questions concerning the jurisdiction of a Village Justice Court located within the territorial jurisdiction of a District Court. For the reasons to be discussed, it is concluded that such a Village Justice Court lacks subject matter jurisdiction, but that the information may be transferred to the District Court.
By simplified traffic information, the defendant was charged with the offense of aggravated unlicensed operation in the second degree (Vehicle and Traffic Law § 511 [2] [a]), a misdemeanor (Vehicle and Traffic Law § 511 [2] [b]), in that, on April 22, 1992, at 1:40 p.m., she was driving a motor vehicle on New York Avenue and 32nd Street in the Village of Lindenhurst, and, at that time, her driver’s license had been revoked as a result of an alcohol-related conviction on September 17, 1991. Defendant was also charged, with two traffic infractions, in separate informations: driving an unregistered vehicle (Vehicle and Traffic Law § 401 [1]), and driving a vehicle with improper license plates (Vehicle and Traffic Law § 402 [4]).
Defendant appeared before me on June 3, 1992, in Night Court, entered a plea of not guilty and requested an adjournment to obtain counsel. She was directed to return to the Day Part of the court on June 17, 1992, at which time a District Attorney would be present and the matter could be calendared for further proceedings on her plea. Defendant did not return to the Day Part of the court, but, instead, appeared before me at the Night Part, at which time no District Attorney was present, and requested the appointment of counsel.[1] Inspection of the records of the Department of Motor Vehicles indicated that the defendant had, indeed, been convicted of two alcohol-related offenses, and her driving privileges revoked on that basis.
At that point, the court examined each of the informations and raised the question of subject matter jurisdiction on its own motion. The matter was adjourned to July 15, 1992, pending the court’s decision.
Inasmuch as this court is situated within the Second District of the Suffolk County District Court it does not possess general criminal jurisdiction over misdemeanors through the *862 Uniform Justice Court Act (UJCA 2300 [d] [2]; People v Lindsly, 99 AD2d 99, 103 [2d Dept] [Titone, J. P.], lv withdrawn 62 NY2d 987). Examination of the act creating and the act regulating the Suffolk County District Court (see, UJCA 2300 [d] [2]) indicates that this court has jurisdiction of only village ordinance violations and offenses that constitute traffic infractions as defined in Vehicle and Traffic Law § 155, and, even then, does not have jurisdiction over cases where the charge involves driving while in an intoxicated condition (People v Lindsly, supra, at 103).
Although it is thus clear that the court does not have jurisdiction over the simplified information charging a misdemeanor, the question remains whether the court may transfer the proceeding to the District Court, or whether the information must be dismissed, and, if the transfer is ordered, whether the traffic infractions should be transferred as well.[2] The answer is far from clear.
In accordance with NY Constitution, article VI, § 19 (i), this court may transfer an action or proceeding to another local criminal court having subject matter jurisdiction, such as the District Court, if the Legislature has so provided by law. Since the Constitution clearly requires implementing legislation, the court cannot rely upon it alone as authority for the transfer (cf., Matter of Lawrence W., 142 Misc 2d 203; Ghobashy v Sabra, 127 Misc 2d 915).
CPL 170.15 (1) provides that, where a defendant is arrested for an offense less than felony level, and "owing to special circumstances and pursuant to law” has not been brought before the proper local criminal court, the case may be transferred to the proper local criminal court. The statute was meant for the circumstance in which a defendant was brought to a local criminal court — following an arrest without a warrant, for example — other than one in which the offense is committed because the local criminal court is not in session at the time (see, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 170.15, at 31-32; CPL 120.30 [2]; 140.20 [3]; People v Myles, 107 Misc 2d 960 [Schoharie County Ct]).
The statute was amended in 1984, however, to substitute *863 the term "local criminal court” for "town or village court” (L 1984, ch 695). As the section currently reads, it is broad enough, as a matter of plain meaning, to encompass this case. I conclude that where a traffic information is filed with a local criminal court in an area where jurisdiction over misdemeanors has been transferred to the District Court, such a transfer is warranted "owing to special circumstances and pursuant to law”.
Difficulty would arise where a defendant desires to enter a plea of guilty "immediately after arraignment.” CPL 170.15 provides in that circumstance that the local criminal court "must permit him to do so and must thereafter conduct the action to judgment.” This court would not have jurisdiction to accept such a plea, and, because there is no statutory basis to transfer the prosecution, the court would have to dismiss, without prejudice to the filing of an information in the District Court.
In this case, the defendant has tendered a plea of not guilty so CPL 170.15 literally authorizes the transfer. The Legislature should, nonetheless, consider an appropriate amendment to CPL 170.15 in order to clarify the statute and permit transfer irrespective of whether a defendant desires to plead guilty.
Finally, inasmuch as the defendant is entitled to be protected against piecemeal prosecutions, and inasmuch as the simplified traffic informations could all be joined in the District Court, it would seem that all of the informations should be transferred to the District Court (see, CPL 40.40; People v Lindsly, 99 AD2d 99, 102-103, supra).
Accordingly, the simplified traffic informations pending in this court against this defendant are hereby transferred to the District Court of Suffolk County, First District, for all future proceedings, including the assignment of counsel, if warranted, and trial. The clerk is directed to forward a copy of this decision and order to the Presiding Judge of the District Court together with copies of the docket sheets and the informations and to forward a copy of the decision and order to the District Attorney of Suffolk County and the defendant. The District Court shall advise the defendant of her next appearance date.

. Since aggravated unlicensed operation of a motor vehicle is a misdemeanor under the Vehicle and Traffic Law (Vehicle and Traffic Law § 511 [2] [b]), defendant would have a right to assigned counsel, if she is unable to afford an attorney (CPL 170.10 [3] [c]; cf., People v Letterio, 16 NY2d 307; People Weinstock, 80 Misc 2d 510 [App Term]).

. In addressing the question of transfer, the court has reviewed the simplified traffic information and finds it to be sufficient on its face.