OPINION OF THE COURT
Stephen Kunken, J.
This court is called upon to decide the jurisdiction of a *186 Village Justice Court situated within the Third District of the Suffolk County District Court. Specifically, does the Village Court for the Incorporated Village of Huntington Bay have subject matter jurisdiction of the Vehicle and Traffic Law misdemeanor of operating a motor vehicle while in an intoxicated condition, allegedly committed within the geographical boundaries of the incorporated village?
The defendant, Matthew J. Beach, was arrested on Monday, July 5, 1993, at approximately 12:30 a.m., while allegedly operating his automobile northbound on Bay Road in the Village of Huntington Bay. He was charged with violations of Vehicle and Traffic Law § 1192 (2), (3), and § 1120 (a). He was arraigned on all three charges on August 17, 1993, and entered a plea of not guilty to all three charges. The instant motion to dismiss the two charges of operating a motor vehicle while intoxicated was then made. The defendant is not challenging the court’s jurisdiction with regard to Vehicle and Traffic Law § 1120 (a), and this court will only determine the issue of jurisdiction with regard to Vehicle and Traffic Law § 1192 (2) and (3).
It is the defendant’s claim that this court does not possess general criminal jurisdiction over misdemeanors through the Uniform Justice Court Act (UJCA 2300 [d] [2]). He cites the Appellate Division, Second Department, case of People v Lindsly (99 AD2d 99, 103, appeal withdrawn 62 NY2d 987) and the finding of the Justice Court for the Village of Lindenhurst, which recently ruled similarly to the Lindsly Court. (People v Caltabiano, 154 Misc 2d 860 [1992].)
It is the defendant’s position that the two Vehicle and Traffic Law misdemeanor charges should be dismissed without prejudice to the proper filing of the appropriate informations in the District Court of Suffolk County.
The People oppose the motion to dismiss these two accusatory instruments. The People’s position is that, although the jurisdiction of the various Village Courts of Nassau County was restricted by the Nassau County District Court Act, such was not the case after the enactment of the enabling acts of the Suffolk County District Court.
An analysis of the jurisdiction of a Village Court located in western Suffolk County must begin with a review of the UJCA that was signed into law on August 1, 1966. UJCA 2001 provides as follows:
"Criminal jurisdiction; procedure
*187 "(1) The court shall have such jurisdiction of criminal matters as is prescribed by the criminal procedure law.
"(2) Unless otherwise specifically prescribed, the practice and procedure in the court shall be governed by the criminal procedure law.”
With regard to the jurisdiction of Village Courts within a District Court area, UJCA 2300 (d) (2) provides as follows: "Village courts in district court areas. Notwithstanding subdivision (b) (1) (ii) of this section, a village court situated within a district of any district court shall not have the civil jurisdiction conferred in article two of this act, and its criminal jurisdiction shall be limited to that provided for in the act creating, or regulating the administration of, such district court.”
Since this section removes civil jurisdiction from those Village Courts situated within a district of any District Court, the jurisdiction of those Village Courts is limited to criminal jurisdiction as outlined herein. If, however, an interpretation of the UDCA is reached that Village Courts must abrogate all criminal jurisdiction to the District Court of the district in which it is situated, the end result would be that the Village Courts would be divested of both civil and criminal jurisdiction.
To examine the criminal jurisdiction of Village Courts, reference must be made to the Criminal Procedure Law. The relevant provisions of CPL article 10 are as follows:
"§ 10.10 The criminal courts; enumeration and definitions
"1. The 'criminal courts’ óf this state are comprised of the superior courts and the local criminal courts. * * *
"3. 'Local criminal court’ means: * * *
"(e) A village court * * *
"6. 'Village court.’ A 'village court’ is comprised of the justice of a village, or all the justices thereof if there be more than one, or, at a time when he or they are absent, an acting justice of a village who is authorized to perform the functions of a village justice during his absence.”
"§ 10.30 Local criminal courts; jurisdiction
"1. Local criminal courts have trial jurisdiction of all offenses other than felonies. They have:
"(a) Exclusive trial jurisdiction of petty offenses except for the superior court jurisdiction thereof prescribed in paragraph (c) of subdivision one of section 10.20; and
*188 "(b) Trial jurisdiction of misdemeanors concurrent with that of the superior courts but subject to divestiture thereof by the latter in any particular case.
"2. Local criminal courts have preliminary jurisdiction of all offenses subject to divestiture thereof in any particular case by the superior courts and their grand juries.”
Chapter 879 of the Laws of 1936 was the first act passed enabling the establishment of the Nassau County District Court. Section 2427 of this act provided that the Nassau County District Court would have "original and exclusive jurisdiction of * * * all misdemeanors committed within the county.” Section 2402 of such act transferred the jurisdiction of Police Justices of villages in Nassau County to the District Court. This section further states that such Village Justices have jurisdiction "of violations of the ordinances and other regulations of the village and of violations of the vehicle and traffic law committed within the limits of the village, except in cases in which the charge is operating a motor vehicle or motor cycle while in an intoxicated condition” (emphasis added). Thus, this legislation affirmatively removed the misdemeanor and driving while intoxicated jurisdiction of the Village Courts within Nassau County. This framework was continued in the Nassau County District Court Act enacted by chapter 274 of the Laws of 1939. Section 230 thereof also states that the District Court would have original and exclusive jurisdiction of all misdemeanors within the county and concurrent jurisdiction of violations of the Vehicle and Trafile Law concurrent with that of Police Justices, except in cases charging driving while intoxicated.
The enabling acts of the Suffolk County District Court have no corresponding provisions which affirmatively remove the criminal jurisdiction of the Village Courts within the area of the District Court. Chapter 811 of the Laws of 1962 was the initial enabling act for the Suffolk County District Court. In section 3918 thereof, such District Court is stated to have "jurisdiction of * * * All misdemeanors committed within the [judicial district].” No language is included that such jurisdiction is exclusive. Nor is there a separate section, as in the Nassau legislation, which affirmatively removed the criminal jurisdiction then exercised by the Village Courts within the district. On this basis, the Village Courts within the area of the Suffolk County District Court retained their misdemeanor jurisdiction even after creation of such court.
*189 Chapter 565 of the Laws of 1963 was the initial version of the UDCA. In section 2001 thereof, the District Court’s jurisdiction of misdemeanors is stated to be "concurrent” with that of Police Justices, the descriptive term for Judges of the Village Courts. The language of section 2001 has since been amended, as stated above, to reflect that the criminal jurisdiction of the District Courts shall be as provided in the Criminal Procedure Law. Nevertheless, this act is important in evidencing the fact that, at this point, Village Courts within the area of the Suffolk County District Court were still viewed as having concurrent criminal jurisdiction with the District Court. Chapter 570 of the Laws of 1963 is in accord with this reasoning. It states in section 2501 that the criminal jurisdiction of the District Court of Suffolk County shall be as set forth in the UDCA. (See, People v Salinas, 64 Misc 2d 722 [Suffolk Dist Ct 1970]; People v Mulligan, 64 Misc 2d 143 [Suffolk Dist Ct 1970] [concurrent jurisdiction on DWI charges for Village Courts and the District Court].)
This court has reviewed the two court decisions cited by the defendant which deal with the issue of Village Court criminal jurisdiction. The Appellate Division, Second Department, in the case of People v Lindsly (99 AD2d 99, appeal withdrawn 62 NY2d 987, supra), held that the defendant’s plea of guilty in Village Justice Court to leaving the scene of an accident did not bar the prosecution in County Court of the two felony indictment counts (namely, operating while under the influence of alcohol) that arose out of the same incident, on double jeopardy grounds. The Court went on to explain that the elements of the two offenses are different and the same evidence is not required to prove each offense.
In the Justice Court, Village of Lindenhurst, Associate Justice Perry S. Reich held, in People v Caltabiano (supra) that the court does not possess general criminal jurisdiction over misdemeanors through the Uniform Justice Court Act (UJCA 2300 [d] [2]) and relies on the dicta in People v Lindsly (supra). However, this court’s decision is based upon an analysis of the UJCA and UDCA as discussed above, and this court respectfully disagrees with the Caltabiano determination.
This court finds that, in the absence of the type of express language found in UDCA article 24 — Nassau County, the legislative intent was not to abrogate the jurisdiction of the *190 Village Courts of the five western towns of Suffolk County with regard to Penal Law misdemeanor and driving while intoxicated cases.
Accordingly, the defendant’s motion to dismiss the pending accusatory instruments is denied.