OPINION OF THE COURT
Alan D. Oshrin, J.
This is a CPLR article 78 proceeding to prohibit the Village Prosecutor of the Incorporated Village of Huntington Bay from prosecuting and the Village Justice Court of the Incorporated Village of Huntington Bay from hearing and determining the misdemeanor driving while intoxicated offenses presently filed in such court against the petitioner on the ground that the respondents have acted and continue to act without, or in excess of, their jurisdiction. Inasmuch as the very jurisdiction and power of the Village Justice Court to hear and determine the prosecution of a criminal misdemeanor proceeding are in issue, prohibition properly lies and this CPLR article 78 proceeding is properly before this court (see, Matter of Steingut v Gold, 42 NY2d 311 [1977]; Matter of State of New York v King, 36 NY2d 59 [1975]).
On July 5, 1993 the petitioner was arrested and charged with violations of section 1192 (2) and (3) and section 1120 (a) of the Vehicle and Traffic Law. The petitioner Was arraigned, and entered a plea of not guilty as to all three charges on August 17, 1993. By notice of motion dated January 4, 1994, the petitioner moved to dismiss the charges of operating a motor vehicle while in an intoxicated condition (Vehicle and Traffic Law § 1192 [2], [3]) on the ground that the "Justice Court has acted and is continuing to act without jurisdiction”. The motion was opposed by Carl M. Lawrence, Assistant Village Prosecutor, Village of Huntington Bay, and on April 22, 1994 the Hon. Stephen Kunken, Justice of the Village Court, issued a decision upholding the jurisdiction of the Village Court and denying the petitioner’s motion to dismiss (see, People v Beach, 161 Misc 2d 185). This CPLR article 78 proceeding ensued.
The petitioner argued before the Village Court and again before this court that because the Village Court of the Incorporated Village of Huntington Bay is situated within a district of the Suffolk County District Court, such Village Court never obtained or acquired jurisdiction over any misdemeanor offense filed against the petitioner in that court. Similarly, the *383 Village Prosecutor argued before the Village Court and again before this court that the Village Court has concurrent jurisdiction over criminal misdemeanors with the District Court within which it is situated. Upon the examination and comparison of the pertinent provisions of the Uniform Justice Court Act, Uniform District Court Act and Criminal Procedure Law, discussed below, this court concludes that the Village Court of the Incorporated Village of Huntington Bay has concurrent jurisdiction with the Suffolk County District Court over the prosecution of criminal misdemeanors, including misdemeanors involving charges of driving while intoxicated.
UJCA 2001, which governs criminal jurisdiction and procedure, provides that:
"(1) The court shall have such jurisdiction of criminal matters as is prescribed by the criminal procedure law.
"(2) Unless otherwise specifically prescribed, the practice and procedure in the court shall be governed by the criminal procedure law.”
In turn, CPL 10.30, which defines a village court as a local criminal court (see, CPL 10.10 [3] [e]), provides that:
"1. Local criminal courts have trial jurisdiction of all offenses other than felonies. They have:
"(a) Exclusive trial jurisdiction of petty offenses except for the superior court jurisdiction thereof prescribed in paragraph (c) of subdivision one of section 10.20; and "(b) Trial jurisdiction of misdemeanors concurrent with that of the superior courts but subject to divestiture thereof by the latter in any particular case.
"2. Local criminal courts have preliminary jurisdiction of all offenses subject to divestiture thereof in any particular case by the superior courts and their grand juries.”
With respect to the jurisdiction of village courts situated within a District Court area, UJCA 2300 (d) (2) provides in pertinent part that: "a village court situated within a district of any district court shall not have the civil jurisdiction conferred in article two of this act, and its criminal jurisdiction shall be limited to that provided for in the act creating, or regulating the administration of, such district court.” A reading of UDCA article 20 which governs criminal jurisdiction and procedure and article XXIV which contains provisions supplemental to the Uniform District Court Act relating *384 specifically to the District Court in Suffolk County reveals that there is no provision limiting, or even referring to, the criminal jurisdiction of the village courts.
In marked contrast to the supplemental provisions pertaining to Suffolk County, the supplemental provisions pertaining to Nassau County clearly limit the criminal jurisdiction of village courts within the area of the Nassau County District Court. Particularly, UDCA 2402 provides: "All the powers, duties and jurisdiction of the justices of the peace in the several towns of the county are hereby transferred to the district court of the county and the judges thereof, and the office of justice of the peace in the several towns of the county is abolished. All the powers, duties and jurisdiction of police justices of villages in the county, except as hereinafter provided, are hereby also transferred to the district court of the county and the judges thereof. The police justices of villages in the county shall have jurisdiction of violations of the ordinances and other regulations of the village and of violations of the vehicle and traffic law committed within the limits of the village, except in cases in which the charge is operating a motor vehicle or motor cycle while in an intoxicated condition.”
Interestingly, the original statute creating the Suffolk County District Court (L 1962, ch 811) did contain a provision that referred to and limited the criminal jurisdiction of the village courts. Section 3918 provided that the District Court would have jurisdiction over, among other things: "4. Offenses against the law, below the grade of misdemeanors, and as to which jurisdiction is not otherwise expressly conferred by statute; provided that such jurisdiction of violations of the vehicle and traffic law committed within the limit of any village within the first judicial district, except in cases in which the charge is operating a motor vehicle or motor cycle while in an intoxicated condition, shall be concurrent with the jurisdiction of the police justice, if there be one of such village.” Section 3918 (4) (which was contained in art XXVI— Criminal Jurisdiction and Procedure) was repealed the following year (see, L 1963, ch 570, § 3).
In its place, the criminal jurisdiction of the District Court derived from section 2001 of Laws of 1963 (ch 565) (which was the initial version of the Uniform District Court Act) which provided that: "Each of the judges of the court may sit as a court of special sessions, and as such shall have original jurisdiction of all misdemeanors committed at any place *385 within the territorial jurisdiction of the court; and, sitting as a magistrate, he shall also have jurisdiction of all offenses of a grade less than misdemeanor committed at any place within such territorial jurisdiction. Jurisdiction in each case shall be concurrent with the jurisdiction of police justices, justices of the peace or judges of city courts within such territory.” Section 2501 of Laws of 1963 (ch 570), which amended the Suffolk County Charter as related to the District Court of Suffolk County, provided: "Application of uniform district court act. The civil and criminal jurisdiction of and practice and procedure in the district court of Suffolk county shall be as set forth in the uniform district court act.” In 1963, reading the Uniform District Court Act in conjunction with the Suffolk County Charter, the criminal misdemeanor jurisdiction of the District Court was concurrent with that of the village courts within its district. In 1970, while the previously discussed version of section 2001 was in effect (and one year before the present version was added), two Judges of the Suffolk County District Court found that the District Court had original concurrent jurisdiction with the village courts situated within the area of the District Court over misdemeanor charges of driving while intoxicated (see, People v Mulligan, 64 Misc 2d 143 [1970]; People v Salinas, 64 Misc 2d 722 [1970]).
UDCA 2001 in its present form provides that:
"(1) The court shall have such jurisdiction of criminal matters as is prescribed by the criminal procedure law.
"(2) Unless otherwise specifically prescribed, the practice and procedure in the court shall be governed by the criminal procedure law.”
Section 2501 of the Suffolk County Charter as relates to the District Court of Suffolk County presently provides, as it did in 1963, that: "The civil and criminal jurisdiction of and practice and procedure in the district court of Suffolk county shall be as set forth in the uniform district court act.” Reading these two provisions in conjunction with CPL 10.10 (3) (a) which defines a district court as a local criminal court and CPL 10.30 noted above which sets forth the jurisdiction of the local criminal court, the District Court of Suffolk County has the same criminal jurisdiction as a village court situated within its district.
In the absence of a provision in the Suffolk County Charter as relates to the District Court of Suffolk County (similar to *386 that contained in the Nassau County Charter) limiting the criminal jurisdiction of the village courts situated within the district (see, UJCA 2300 [d] [2]) it follows naturally and reasonably that the village courts in Suffolk County situated within a District Court are to have the full criminal jurisdiction provided for in the Uniform Justice Court Act, which means the general jurisdiction over all nonfelony criminal offenses as provided in CPL 10.30. A contrary interpretation, that in the absence of a provision in the Suffolk County Charter limiting the criminal jurisdiction of the village courts, that such village courts would have no criminal jurisdiction, when viewed in light of the divestiture of civil jurisdiction from the village courts situated within a district of a District Court (see, UJCA 2300 [d] [2]), would serve to render the Uniform Justice Court Act in areas within a District Court ineffective, and would be violative of the rule of statutory interpretation and construction that "[statutes will not be construed as to render them ineffective” (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 144). A construction which would render a statute ineffective must be avoided, and as between two constructions of an act, one of which renders it practically nugatory and the other which enables the evident purposes of the Legislature to be effectuated, the latter is preferred (see, Matter of Wilson v Board of Educ., 39 AD2d 965 [1972]; Erie County Water Auth. v Kramer, 4 AD2d 545 [1957], affd 5 NY2d 954 [1959]; Long Is. Home v Whalen, 87 Misc 2d 1008 [1976]; Matter of Klipp v New York State Civ. Serv. Commn., 42 Misc 2d 35 [1964], affd 22 AD2d 854 [1964], affd 15 NY2d 880 [1965]). Upon the statutory analysis discussed above, the court finds that the case of People v Lindsly (99 AD2d 99 [1984], lv withdrawn 62 NY2d 987 [1984]) relied upon by the petitioner does not apply (see, L 1962, ch 811, § 3918; repealed by L 1963, ch 570, § 3; L 1963, ch 565, §§ 2001, 2501; UJCA 2001, 2300 [d] [2]; UDCA 2001, 2501, 2402 [Nassau County Charter]; UDCA art XXIV [Suffolk County Charter]; CPL 10.10 [3] [a], [e]; 10.30).
Accordingly, the court having found that the Village Court of the Incorporated Village of Huntington Bay has general jurisdiction over all nonfelony criminal offenses including misdemeanors involving charges of driving while intoxicated concurrent with the Suffolk County District Court, the petition is dismissed.
In concluding, the court observes that in response to a request by the Office of Court Administration to clarify the criminal jurisdiction of Village Justices in villages within the *387 Suffolk County District Court, the State Legislature, immediately effective, July 6, 1994, amended section 2405 of the Suffolk County Charter to provide:
"Jurisdiction of village justices.
"The justices of the village courts in villages within the first judicial district shall have such jurisdiction of criminal matters as is prescribed by the criminal procedure law.” (L 1994, ch 283.)
The amendment which is to be applied prospectively only (see, Murphy v Board of Educ., 104 AD2d 796 [1984], affd 64 NY2d 856 [1985]) does not impact upon the court’s determination herein.