■ ELLIOTT MENDELSON, Plaintiff, and VINCENT ATTARD, Respondent, v GENERAL MOTORS CORPORATION, Appellant. — Order of the Supreme Court, Nassau County, dated October 10, 1980, affirmed insofar as appealed from, with $50 costs and disbursements, for the reason stated in the opinion of Justice Wager at Special Term. Damiani, J.P., Lazer, Gibbons and Cohalan, JJ., concur.

■ MR. GALVANIZED, INC., Respondent, v ANKUK FIRE & MARINE INSURANCE CO., LTD., Appellant, et al., Defendants. — Order of the Supreme Court, Nassau County, dated October 6, 1980, affirmed, with $50 costs and disbursements, on the opinion of Mr. Justice McGinity·at Special Term. Damiani, J.P., Lazer, Gibbons and Cohalan, JJ., concur.

■ CRAIG PATTENGELL, an Infant, by His Mother and Natural Guardian, CATHERINE VAN TASSELL, et al., Respondents, v ROBERT WELSH, an Infant, by His Mother and Natural Guardian, LYNN R. WELSH, et al., Defendants, and AMERICAN CONSUMER INSURANCE CO., Appellant. — In an action to determine whether the infant defendant is insured by the defendant insurance company, said insurance company appeals from an order of the Supreme Court, Orange County, dated August 6, 1980, which denied its motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, and appellant's motion for summary judgment is granted. The only way the infant defendant could be covered under the policy issued by defendant insurance company to defendant Howard Cox is if said infant was "in the care of" defendant Cox or if defendant Cox was married to the infant's mother. Plaintiffs failed to produce evidence to indicate that the infant's mother, Lynn Welsh, was the spouse of Howard Cox. Plaintiffs have also failed to produce evidence which indicates the infant was in the care of Howard Cox. A commonsense definition of the term "in the care of" means that Howard Cox would assume some responsibility for the infant, either in a monetary or disciplinary way. There is no evidence that he had. Mollen, P.J., Cohalan, Margett and O'Connor, JJ., concur.