■ DAVID LANG, Respondent, v HANOVER INSURANCE COMPANY et al., Appellants. [766 NYS2d 915] —Carpinello, J. Appeal from an amended order of the Supreme Court (Mulvey, J.), entered January 7, 2003 in Tompkins County, which denied defendants' motion to dismiss the complaint.

In April 2000, plaintiff suffered serious injuries when he was struck in the eye by a "paintball" fired by Richard Bachman. At the time, Bachman was living in the home of defendants John Durbin and Beth Durbin. The Durbins' homeowner's insurance carrier, defendant Hanover Insurance Company,

---

* Other witnesses testified that the rug present in the vestibule was in fact red.

disclaimed coverage for the accident on the ground that Bachman was not an insured under the terms of its policy with the Durbins. Plaintiff subsequently filed a personal injury action against Bachman, who then filed a chapter 7 bankruptcy petition to discharge his debts. During the pendency of Bachman's bankruptcy proceeding, plaintiff commenced this action seeking a declaration that Hanover is required to defend and indemnify Bachman. Defendants moved to dismiss the complaint for lack of standing and failure to join Bachman as a necessary party. Supreme Court denied the motion, prompting this appeal.

Plaintiff is a stranger to the subject insurance policy. This being the case, Insurance Law § 3420 (a) (2) authorizes an action by plaintiff against Hanover only after he obtains a judgment against Bachman that has gone unpaid for 30 days (*see University Garden Apts. v Nationwide Mut. Ins. Co.,* 284 AD2d 975, 976 [2001]; *Clarendon Place Corp. v Landmark Ins. Co.,* 182 AD2d 6, 9 [1992], *appeal dismissed* 80 NY2d 918 [1992]; *see also State of New York v Federal Ins. Co.,* 189 AD2d 4, 5 n 1 [1993]; *cf. Watson v Aetna Cas. & Sur. Co.,* 246 AD2d 57 [1998]). Plaintiff contends that this condition precedent is inapplicable here because Bachman's bankruptcy bars any recovery from him. We disagree.

First, we cannot tell from this record whether Bachman's liability for plaintiff's injuries was among the debts that were discharged in his bankruptcy.\* In any event, even if this liability had been discharged, such a discharge does not absolve an insurer of liability (*see* Insurance Law § 3420 [a] [1]) and will not bar an action against the insured for the purpose of recovering against the insurer (*see Green v Welsh,* 956 F2d 30, 33-35 [1992]; *Presutti v Suss,* 254 AD2d 785, 785 [1998]; *Lumbermens Mut. Cas. Co. v Morse Shoe Co.,* 218 AD2d 624, 625 [1995]; *Andriani v Czmus,* 153 Misc 2d 38, 41 [1992]). Since plaintiff has not yet obtained a judgment against Bachman, this action must be dismissed as premature.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the amended order is reversed, on the law, with costs, motion granted and complaint dismissed.

 ---

\* On this appeal, we will assume, without deciding, that Bachman is an insured.