OPINION OF THE COURT
John R. LaCava, J.
*475 Background and Facts
This is an action for personal injuries arising from an alleged slip and fall which took place on February 4, 2000 while plaintiff was attending a movie at the Movieland theatre, 2548 Central Park Avenue, Yonkers, New York. The action was commenced against the three corporate defendants on February 3, 2003. They are: United Artists Theatres, Inc., United Artists Theatre Circuit, Inc., and Movie Center, Inc., doing business as Movie-land.
On the date plaintiffs claim arose, defendants had an insurance policy in effect with Kemper Insurance Company, which policy, it is not disputed, provides ample coverage for the underlying claim and under which, to date, Kemper has neither declined nor threatened to decline coverage for the accident. Plaintiff set up a claim with defendant’s insurer shortly after plaintiffs accident occurred.
At or near the time of plaintiffs accident, various corporate entities, including defendant United Artists Theatre Circuit, Inc., were in the midst of bankruptcy proceedings and, ultimately, underwent a reorganization from bankruptcy in connection with which an injunction was granted barring any claims for incidents that happened prior to September 5, 2000. Consequently, an order was issued by the United States District Court for the District of Delaware, confirming the Second Amended Joint Plan of Re-Organization (the Joint Plan) for the subject corporate entities including United Artists Theatre Circuit, Inc., effective January 26, 2001.
Among other things, the Joint Plan provides:
“[F]rom and after the effective date, all persons and entities are permanently enjoined from commencing or continuing in any manner, any suit, action, or other proceeding, on account of or respecting any claim, demand, liability, obligation, debt, right, cause of action, interests, remedy released or to be released pursuant to Article 10 of this plan.”
Defendants now move to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that plaintiff has failed to comply with an order of the Bankruptcy Court with respect to the bankruptcy proceeding of “United Artists Theatres [as in original without any reference to ‘Inc.’, as appears in the caption, or ‘Company’ as appears in the underlying bankruptcy papers].”
Plaintiff opposes the motion as untimely, as defendants failed to move within the time provided for the filing of an answer *476 (CPLR 3211 [e]). In addition, plaintiff argues that defendants have failed to preserve the affirmative defense upon which they base the instant motion by failing to precisely assert it in their answer pursuant to CPLR 3211 (e).
Conclusions of Law
Waived or not (see, CPLR 3211 [e]), the court finds that there is no merit to defendants’ motions.
Although this motion is made on behalf of all defendants, neither defendant United Artists Theatres, Inc. nor defendant Movie Center, Inc., doing business as Movieland, has established that either was a party to or was covered under the Joint Plan. Therefore, the motion is denied as it pertains to defendants United Artists Theatres, Inc. and Movie Center, Inc., doing business as Movieland.
As to defendant United Artists Theatre Circuit, Inc., the court rules as follows: Pursuant to 11 USC § 524 (a), a discharge in a case under this title “voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged . . . whether or not discharge of such debt is waived” (11 USC § 524 [a] [1]). Further, subdivision (e) of that statute provides: “Except as provided in subsection (a) (3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt” (11 USC § 524 [e]).
In general, after a discharge in bankruptcy, a creditor must file a notice of claim during the bankruptcy proceedings to maintain its claim against the debtor (see, In re Jet Fla. Sys., Inc., 883 F2d 970 [11th Cir 1989]; In re Frigitemp Corp., 8 BR 284 [SD NY 1981]). If the creditor fails to file such notice, any rights against the bankrupt are said to be waived (In re Jet Fla. Sys., Inc., 883 F2d at 972). The purpose of the bankruptcy discharge and related injunction is to afford the debtor a “financial fresh start” (id. at 972 [internal quotation marks omitted], citing Jackson, The Fresh-Start Policy in Bankruptcy Law, 98 Harv L Rev 1393, 1396-1397 [1985]). However, the “discharge will not act to enjoin a creditor from taking action against another who also might be liable to the creditor” (In re Jet Fla. Sys., Inc., 883 F2d at 973, citing 11 USC § 524 [e]).
Examination of the New York Insurance Law is also instructive, as it “explicitly condones direct recovery from a liability insurer in the event of the insured’s bankruptcy” (Andriani v *477 Czmus, 153 Misc 2d 38, 41 [Sup Ct, NY County 1992]). Insurance Law § 3420 provides that a policy or contract insuring against liability must contain “[a] provision that the insolvency or bankruptcy of the person insured . . . shall not release the insurer from the payment of damages for injury sustained . . . within the coverage of such policy or contract” (Insurance Law § 3420 [a] [1]). As such, defendant’s insurer would be liable for plaintiffs injuries, regardless of whether plaintiff filed a notice of claim during the bankruptcy proceedings (see, Green v Welsh, 956 F2d 30 [US Ct App, 2d Cir 1992]; In re Jet Fla. Sys., Inc., supra [plaintiff may proceed against the debtor to establish liability as a prerequisite to recover from an insurer]; In re Traylor, 94 BR 292, 293 [ED NY 1989] [discharge does not release debtor’s insurer from liability]).
Defendant’s reliance on Freed v Braniff Airways, Inc. (119 FRD 10 [SD NY 1987]) is misplaced. Unlike the facts in the instant case, Freed (supra) dealt with a plaintiff’s tort claim brought in District Court after a Bankruptcy Court in Texas specifically barred all of plaintiffs claims against the debtor. Under the theory of collateral estoppel, the District Court held that the Bankruptcy Court’s holding prevented plaintiff from asserting the tort claim once again in District Court (Green, supra, citing Freed, 119 FRD at 10-11, supra). Defendant is correct that Freed (supra) does not stand for the proposition that a properly commenced action could continue after a defendant filed for bankruptcy, but that is only because the Freed court did not address “the merits of whether 11 U.S.C. § 524 barred the plaintiffs claims against the debtor’s insurer” (Green, supra at 35).
In Jet Fla. Sys., Inc. (supra), the court squarely dealt with section 524 and its preclusive effect. In that case, the debtors argued that because the creditor failed to file any notice of claim in the bankruptcy proceedings, he was precluded from proceeding with his defamation action. In support of their argument, the debtors relied on In re White Motor Credit (761 F2d 270 [6th Cir 1985]), which held that all prepetition and postpetition claims that had not been filed with the Bankruptcy Court were barred. The court in Jet Fla. Sys., Inc. (supra) rejected the White Motor Credit holding (supra) because “it provided no commentary regarding the statutory language of section 524, nor did it offer any rationale of any kind for its holding” (In re Jet Fla. Sys., Inc., 883 F2d at 974; see also Andriani, supra at 41-42 [rejecting White Motor Credit's holding based on the reasoning *478 of Jet Fla. Sys., Inc.]). Instead, the court in Jet Fla. Sys., Inc. (supra) turned to the plain language of section 524 and the line of relevant case law which interpreted the intent of that section as “prohibiting] the collecting of a debt as a personal liability of the debtor” (id. at 974, citing In re Mann, 58 BR 953, 958 [WD Va 1986]). By permitting a creditor to proceed against a bankrupt for the purpose of seeking a judgment against a debtor’s insurer, who may be liable, the intent of section 524 is not frustrated. Rather, “neither the debtor nor his property [is] in any jeopardy of personal liability” (id.), and the insurer cannot “escape its obligations based simply on the financial misfortunes of the insured” (id. at 975).
Thus, while section 524 (a) serves to protect bankrupt debtors and provide them with a financial fresh start, it is clear that pursuant to section 524 (e), a creditor “may proceed against the debtor simply in order to establish liability as a prerequisite to recover from another, an insurer, who may be liable” (id. at 976; see also Matter of Edgeworth, 993 F2d 51 [5th Cir 1993]). Here, plaintiff seeks to proceed against defendants in order to recover from their insurer, a party which may be liable to plaintiff in the underlying personal injury action. Section 524 (e), and case law interpreting it, permit such course of action.
Based upon the foregoing, the court finds that plaintiffs failure to have filed a notice of claim during defendant United Artists Theatre Circuit, Inc.’s bankruptcy proceedings is not a bar to plaintiffs recovery for any liability attributed to United Artists Theatre Circuit, Inc. to the extent that plaintiff seeks recovery from its insured, Kemper, and, as to defendants United Artists Theatres, Inc. and Movie Center, Inc., doing business as Movieland, no bar exists at all since they have not come forward with any proof that they are covered under the Joint Plan.
Based upon the foregoing, it is hereby ordered that defendants’ motion to dismiss be and is hereby denied.