■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v LAWRENCE SWEET et al., Respondents. [794 NYS2d 130]—

Kane, J. Appeal from an order of the Supreme Court (Sise, J.), entered November 7, 2003 in Washington County, which, inter alia, granted defendants' cross motions for summary judgment and declared that plaintiff is obligated to defend and indemnify defendants Lawrence Sweet and Deirdre Sweet in an underlying action.

Plaintiff issued a homeowner's insurance policy to defendants Lawrence Sweet and Deirdre Sweet. The Sweets' daughter lived with her parents. The daughter's fiancé, defendant Casey DeLong, moved into the Sweets' home in the spring of 1998. A few months later, DeLong obtained legal custody of his son Matthias, and Matthias began spending several nights each week at the Sweets' home. On June 3, 2000, while DeLong was at work, Matthias jumped off the riding lawnmower he was on with Lawrence Sweet, whereupon the mower blade caused injuries to Matthias' foot. When the Sweets filed a loss notice, plaintiff disclaimed coverage on the basis that Matthias was an "insured" under the policy. DeLong commenced an underlying personal injury action against the Sweets, and plaintiff again disclaimed coverage. Plaintiff then commenced this declaratory judgment action seeking a declaration that it had no duty to defend or indemnify the Sweets in the underlying action. All parties moved for summary judgment, resulting in Supreme Court's order denying plaintiff's motion, granting defendants' cross motions and declaring that plaintiff is obligated to defend and indemnify the Sweets in the underlying action. Plaintiff appeals. We affirm.

While unambiguous provisions of an insurance contract must

be given their plain and ordinary meaning, ambiguous terms which may be interpreted in more than one manner must be resolved in favor of the insured (*see State Farm Mut. Auto. Ins. Co. v Glinbizzi*, 9 AD3d 756, 757 [2004]). The policy at issue here excluded personal liability coverage for anyone defined as an "insured" in the policy. That term was defined to include the named insureds and "residents of [the named insureds'] household who are: a. [their] relatives; or b. other persons under the age of 21 and in the care of any person named above." Lawrence Sweet and Deidre Sweet were the only named insureds. Matthias, who was three years old and was not related to the Sweets at the time of the accident, could only be considered an insured if he was a resident* of their household and in the care of "any person named above."

Plaintiff contends that the term "any person named above" means any person included in earlier portions of the definition of "insured," i.e., the named insureds and their resident relatives. Defendants contend that the resident relatives are not named anywhere, so they cannot be considered "named above," leaving only named insureds as those named above. As either interpretation of the term is reasonable, the term is ambiguous and must be construed in favor of the insureds against plaintiff (*see id.*). Thus, the term "any person named above" is limited to named insureds, the Sweets. Although the Sweets' daughter is an insured because she was a resident relative of the named insureds, she cannot be considered a "person named above." Accordingly, Matthias is only an insured if he was "in the care of" the Sweets, not in their daughter's care.

The policy does not define the term "in the care of," but one court has given it a common sense definition requiring that the individual in question "assume some responsibility for the infant, either in a monetary or disciplinary way" (*Pattengell v Welsh*, 81 AD2d 831, 831 [1981], *affd* 54 NY2d 917 [1981]). DeLong was primarily responsible for his son's physical, financial and emotional needs, with the Sweets' daughter predominantly acting in his stead while DeLong was unavailable. Despite plaintiff's claims that the Sweets' testimony was disingenuous, they both averred that their financial contribution to the child was limited to purchasing birthday and Christmas gifts and providing necessities on rare occasion when DeLong had no resources. Deidre Sweet disciplined the child

---

* Despite the inclusion of residency in the definition of "insured," plaintiff contends that residency is not at issue here. In any event, discussion of Matthias' residency is not necessary based on our resolution of the remainder of the terms in that definition.

when he was "totally out of control" or when no other adult was around, while there is no record evidence of Lawrence Sweet providing any discipline. Lawrence Sweet never babysat and his wife charged DeLong when she watched Matthias, a situation that occurred between one to three percent of the time that the child was in DeLong's custody. Although the child was on Lawrence Sweet's lap for the 5 to 10 minutes preceding the accident, he was really being cared for that day by the Sweets' daughter. Under these circumstances, Supreme Court correctly determined that Matthias was not "in the care of" the Sweets, thus he was not an insured under the policy's definition of that term and is not excluded from coverage under the policy.

Plaintiff's reliance on *Utica Fire Ins. Co. of Oneida County v Gozdziak* (198 AD2d 775 [1993], *appeal dismissed* 84 NY2d 821 [1994]) is misplaced, as the policy there had a more expansive definition.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.