██ CHAUTAUQUA PATRONS INSURANCE ASSOCIATION, Appellant, v TERRI L. ROSS, as Public Adminstrator of the Estate of ROSS MILLER, Deceased, et al., Respondents. [831 NYS2d 808]—

Appeal from a judgment (denominated order) of the Supreme Court, Allegany County (Thomas P. Brown, A.J.), entered December 15, 2004 in a declaratory judgment action. The judgment declared that plaintiff is required to defend and indemnify defendant Terri L. Ross, public administrator of the estate of Ross Miller, deceased, with respect to claims asserted by and on behalf of defendant Jeremy Mellin.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that it is not obligated to defend or indemnify Ross Miller, who is now deceased, with respect to claims that have been or may be asserted by or on behalf of defendant Jeremy Mellin. The parties agreed that Supreme Court would resolve the issue as a matter of law, and the court subsequently declared that plaintiff is required to defend and indemnify Ross Miller with respect to claims asserted by and on behalf of Mellin. We affirm, but our reasoning differs from that of the court.

Mellin, then age 16, was seriously injured while operating a corn chopper at a dairy farm owned by Miller. Plaintiff disclaimed coverage on the ground that the contract of liability insurance covering the farm and the residence on the farm excluded coverage for bodily injury to "any . . . person under the age of twenty-one in [the] care [of an insured] or in the care of [an insured's] resident relatives." At the time of the accident, Mellin's mother, defendant Donna Pierce, was the domestic partner of Miller and resided with her children at Miller's home, but Miller is not Mellin's biological father. Mellin established that he occasionally helped out on the farm but that he was not subject to Miller's discipline. He further established that Miller did not have an active role in his life and that Miller rarely assumed responsibility for him. Miller did not claim Mellin's mother or Mellin as a dependent, and he requested that Mellin and his mother move out of the residence almost immediately after Mellin was released from the hospital following the accident.

It is well established that, "whenever an insurer wishes to exclude certain coverage from its policy obligations, it must do so 'in clear and unmistakable' language," and such exclusions are to be narrowly construed (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]). "Indeed, before an insurance company is permitted to avoid policy coverage, it must satisfy the burden which it bears of establishing that the exclusions or exemptions apply in the particular case . . . , and that they are subject to no other reasonable interpretation" (*id.*). Here, the court erred in determining that the exclusionary language was ambiguous (*see Qiu v Livingston Mut. Ins. Co.*, 305 AD2d 1104, 1105 [2003]; *Utica Fire Ins. Co. of Oneida County v Gozdziak*, 198 AD2d 775 [1993], *appeal dismissed* 84 NY2d 821 [1994], *mot to vacate order of dismissal denied* 84 NY2d 848 [1994], *rearg denied* 84 NY2d 978 [1994]). Nevertheless, we conclude that Mellin was not "in the care of" Miller within the meaning of the policy and thus that the court properly declared that plaintiff was required to defend and indemnify Miller (*see New*

*York Cent. Mut. Fire Ins. Co. v Sweet,* 16 AD3d 1013, 1014-1015 [2005], *lv denied* 5 NY3d 704 [2005]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.