■ STEVEN KORSON, Appellant, v PREFERRED MUTUAL INSURANCE COMPANY, Respondent. [833 NYS2d 580]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an action entitled *Powell v Korson,* pending in the Supreme Court, Orange County, under index No. 0785/05, the plaintiff appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated March 1, 2006, which denied his motion, inter alia, for summary judgment with leave to renew upon the completion of discovery.

Ordered that the order is affirmed, with costs.

The defendant issued a homeowner's insurance policy to the plaintiff and his brother, Dean Korson, who owned a residential building in which they both lived, albeit, according to the plaintiff, in different dwellings. During the policy period, the plaintiff and Dean were sued for bodily injury due to lead poisoning allegedly sustained by Aaliyah Powell while residing with Dean. Aaliyah's mother, Crystal Wise, who commenced the action on behalf of her daughter, is the daughter of Dean's wife, Brenda. Crystal is not Dean's daughter. Aaliyah is Dean's step-granddaughter and the plaintiff's step-grandniece.

The policy excludes from coverage "bodily injury to you, and if residents of your household, your relatives, and persons under the age of 21 in your care or in the care of your resident relative." Relying upon this exclusion, the defendant declined coverage. This action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in the underlying action ensued. The Supreme Court denied the plaintiff's motion for summary judgment on the ground that an issue of fact exists as to whether she resided with the plaintiff. We affirm.

The term "relative" is not defined in the policy. As a result, it must be construed consistently with its ordinary meaning, to include persons related by "close affinity, if not consanguinity," such as a step-parent and step-child (*see Smith v Pennsylvania Gen. Ins. Co.,* 27 NY2d 830 [1970]; *Randolph v Nationwide Mut. Fire Ins. Co.,* 242 AD2d 889, 889-890 [1997]). Whether the plaintiff is bound by such bonds of affinity to his step-niece or step-grandniece, however, is an issue that we need not address,

since the exclusion extends, by its terms, to persons under the age of 21 in the care of a resident relative. It is undisputed that Aaliyah was under the age of 21 and that the plaintiff's brother, Dean, is a relative of the plaintiff. Thus, in order to prevail on his motion for summary judgment, the plaintiff was required to establish either that Aaliyah was not in Dean's care, i.e, that Dean had not assumed any responsibility for her (see *Pattengell v Welsh*, 54 NY2d 917 [1981]; *New York Cent. Mut. Fire Ins. Co. v Sweet*, 16 AD3d 1013, 1014 [2005]), or that Dean did not reside with the plaintiff. The moving papers established neither.

Even if the plaintiff made a showing sufficient to establish his entitlement to judgment as a matter of law, however, the Supreme Court correctly concluded that the defendant was entitled to the opportunity to conduct discovery before summary judgment could be granted to the plaintiff, particularly since the defendant did not have a reasonable opportunity for disclosure prior to the making of the motion, despite its efforts to investigate (see CPLR 3212 [f]; *Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636, 637 [2006]; *Urcan v Cocarelli*, 234 AD2d 537 [1996]; *Baron v Incorporated Vil. of Freeport*, 143 AD2d 792, 792-793 [1988]).

In light of our determination, we need not consider the parties' remaining contentions. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.