██ DAVID LANG, Appellant, v HANOVER INSURANCE COMPANY, Respondent. [853 NYS2d 691]—

Carpinello, J. 

Plaintiff was injured in the home of John Durbin and Elizabeth Durbin after being shot in the eye with a "paint ball" by Richard Bachman who, at that time, had been living there for several weeks.* Plaintiff thereafter obtained a default judgment against Bachman for which he now seeks to recover under the Durbins' homeowners insurance policy issued by defendant (*see*

---

* Bachman was a friend of the Durbins' son. On the day of the accident, Bachman, the son and another friend all lived in the house. All three were expected to pay rent.

*Lang v Hanover Ins. Co.*, 309 AD2d 1123 [2003], *affd* 3 NY3d 350 [2004]). Finding that Bachman was not an insured under the terms of this policy, Supreme Court declared that defendant had no obligation to satisfy the judgment and dismissed this action. Plaintiff now appeals.

Under the subject homeowners insurance policy, an insured includes "persons under the age of 21 and in the care of [the Durbins or a relative]." Here, the record establishes that, although Bachman was a resident of the Durbin home under the age of 21, they had not assumed any responsibility for him (*see New York Cent. Mut. Fire Ins. Co. v Sweet*, 16 AD3d 1013 [2005], *lv denied* 5 NY3d 704 [2005]; *Pattengell v Welsh*, 81 AD2d 831 [1981], *affd* 54 NY2d 917 [1981]; *see also Korson v Preferred Mut. Ins. Co.*, 39 AD3d 483 [2007]; *Chautauqua Patrons Ins. Assn. v Ross*, 38 AD3d 1190, 1191 [2007]). At the time of the incident, Bachman was 20 years old, had finished his schooling and was looking for full-time employment. Indeed, according to him, the reason he moved out of his father's apartment and into the Durbin residence was because he was always there anyway and it was "[j]ust cooler to live with [his] friends" (*see* n, *supra*). Moreover, again according to Bachman, during the time period he resided with the Durbins, he did his own laundry, paid his own bills, took care of himself the few times he was sick and paid rent when he had the money.

While the Durbins' testimony differed on some of these points, it nevertheless established that Bachman was simply a "boarder" in their home and that they did not undertake any financial, disciplinary or emotional responsibility for him (*see* n, *supra*). Thus, because Bachman was not "in the care of" the Durbins within the meaning of the policy, Supreme Court properly declared that defendant was not required to satisfy plaintiff's judgment against him.

Plaintiff's remaining arguments are unpersuasive.

Cardona, P.J., Peters, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.