In an action, inter alia, pursuant to Insurance Law § 3420 (a) (2) to recover an unsatisfied judgment against the insured of the defendants State Farm Fire and Casualty Company and State Farm Insurance Companies, in an underlying action entitled Smith v Public Administrator of Suffolk County on Behalf of the Estate of Leonard Smith, commenced in the Supreme Court, Suffolk County, under index No. 25071/03, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered September 7, 2007, which, among other things, granted that branch of the motion of the defendants State Farm Fire and Casualty Company and State Farm Insurance Companies which was for summary judgment dismissing the complaint insofar as asserted against them, and denied that branch of her cross motion which was for summary judgment on the complaint insofar as asserted against those defendants.
Ordered that the order is affirmed, with costs.
On their motion, inter alia, for summary judgment, the defendants State Farm Fire and Casualty Company and State Farm Insurance Companies (hereinafter together the State Farm defendants), made a prima facie showing of entitlement to judgment as a matter of law. The State Farm defendants demonstrated that the plaintiff, the named insureds’ daughter-in-law, who resided in the home of the named insureds at the time *653 of the incident giving rise to her underlying personal injury action against the named insureds, was a resident “relative” of the named insureds. Thus, she was within an exclusion from coverage contained in the homeowner’s insurance policy State Farm issued to the named insureds (see Korson v Preferred Mut. Ins. Co., 39 AD3d 483, 484 [2007]; Randolph v Nationwide Mut. Fire Ins. Co., 242 AD2d 889, 889-890 [1997]; Smith v Pennsylvania Gen. Ins. Co., 32 AD2d 854 [1969], affd 27 NY2d 830 [1970]; Eisner v Aetna Cas. & Sur. Co., 141 Misc 2d 744, 745 [1988]). In opposition to the State Farm defendants’ motion, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). To the extent that McGuinness v Motor Veh. Acc. Indem. Corp. (18 AD2d 1100 [1963]), may be inconsistent with this determination, it should not be followed.
Accordingly, the Supreme Court properly granted that branch of the State Farm defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against them, and properly denied that branch of the plaintiffs cross motion which was for summary judgment on the complaint insofar as asserted against the State Farm defendants.
The plaintiffs remaining contention is without merit. Fisher, J.E, Miller, Dillon and Eng, JJ., concur.